**The People of the State of Illinois, Plaintiff-Appellee, v. Jerome R. Lanners, Defendant-Appellant.**

**Gen. No. 70–31.**

Second District.

May 7, 1970.

Peter K. Wilson, Jr., of Aurora, for appellant.

■■■■■■■

William R. Ketcham, State's Attorney, of Elgin, and W. Ben Morgan, Assistant State's Attorney, of Elgin, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Jerome R. Lanners, defendant, was convicted under five separate indictments charging him with Forgery (Ill Rev Stats 1967, c 38, § 17–3), all consolidated in this appeal. The facts constituting the offenses were stipulated.

On each occasion, defendant prepared and cashed checks knowing they would not be paid by the depository. In one instance the check was made payable to an existing person, other than defendant, but the drawer and drawee were fictitious. The remaining checks were made payable "to Jerome Lanners" but signed with fictitious names as drawers.

Defendant's motion to dismiss each indictment, on the basis that the signing of a fictitious name could not constitute the crime of forgery, was denied.

The argument of defendant, in the alternative, is that his stipulated acts are not within the Forgery statute if that statute is properly construed; and if held to be within the terms of the statute that it violates the equal protection clause of the United States Constitution, and Article 2, Section 11 of the Illinois Constitution requiring that "All penalties shall be proportioned to the nature of the offense . . . ."

The appeal was filed in the Illinois Supreme Court and that court transferred it here. The order of transfer stated:

"On this appeal defendant seeks to challenge the validity of the section of the Criminal Code defining the crime of forgery. In our opinion the contentions

of the defendant do not present a substantial constitutional question, but involve a question of the proper construction of the section."

Construction of the Forgery statute involves the following provision:

"Forgery.) (a) A person commits forgery when, with intent to defraud, he knowingly:

"(1) Makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; . . . ." (Ill Rev Stats 1967, c 38, § 17–3.)

Defendant argues that the language "purports to have been made by another," assumes that there is "another"; and if, in fact, there is no other in existence, then the document cannot purport to have been made by another.

The People v. Gould, 347 Ill 298, 179 NE 848 (1932) is cited by defendant as authority for this argument. Gould was indicted for making and passing a coupon note using the name "M. D. Tomlinson" as the purported maker. The signature was not that of any known living person. The court found that the indictment could not be supported under then section 107 of the Criminal Code (Smith's Stats 1931, c 38, § 279—relating to "Fictitious Bills, Notes, etc.") since there was no evidence in the record of an unconditional promise to pay as required under that section and the document, therefore, was not a "promissory note." While noting that the language in the indictment clearly contemplated the charge under section 279, the court further noted that it could not, in any event, be justified under then section 105 (Smith's Stats 1931, c 38, § 277) since that section, limited to forgery and counterfeiting was not intended to apply where a fictitious name was signed to a document.

■ The stipulated acts of Lanners here would have constituted the crime of drawing or uttering fictitious bills, notes, checks, etc. under section 279 of the old law. This section has been included in the codification of the present section 17–3, supra. (See SHA, c 38, § 17–3, "Committee Comments.") In Gould, the court was distinguishing between the crime of forgery, as then narrowly defined, and the crime of fictitious paper, which was then covered by a different section of the Criminal Code. Each were distinct and different offenses. However, the present Criminal Code broadly incorporates all forms of forgery into a single crime. See The People ex rel. Miller v. Pate, 42 Ill2d 283, 286, 246 NE 2d 225 (1969) and People v. Haynes, 73 Ill App2d 85, 87, 218 NE2d 489 (1966). Also see 49 ALR2d 852, Annotated. Thus, Gould is inapplicable.

■ Defendant has admitted that he drew checks with intent to defraud, using the name of a fictitious person in each case as the purported maker. The crime of forgery under the present section 17–3(a)(1) was properly charged in the language of the statute.

The major portion of defendant's brief and argument has been devoted to his claim of constitutional violations. Since the transfer order expressly found no substantial constitutional questions raised by the appeal, we comment on these issues only briefly.

In substance, defendant's argument is that one who signs his name to a check drawn on either a fictitious bank or with knowledge of insufficient funds in the depository is guilty of only the misdemeanor of a deceptive practice (Ill Rev Stats 1967, c 38, § 17–1(d)), although he has the same criminal intention as this defendant. Thus, defendant reasons that there is deprivation of equal protection and the imposition of penalties punishing essentially the same acts disproportionately.

■ Classification of offenses which are reasonably drawn and which provide penalties not so disproportion-

ate as to shock the conscience of reasonable men, are within legislative discretion with which the courts cannot interfere. See The People v. Ladwig, 365 Ill 574, 585, 7 NE2d 313 (1937) ; The People v. Saltis, 328 Ill 494, 497, 498, 160 NE 86 (1928) ; The People v. Touhy, 9 Ill2d 462, 466, 138 NE2d 513 (1956).

Skinner v. State of Oklahoma, 316 US 535, 62 S Ct 1110 (1942), is principally relied upon by defendant. In that case the court recognized that the state need not provide abstract symmetry in enactment of its criminal laws and may set apart classes and types of problems according to its needs and as dictated by experience. It could not, however, deprive individuals of a basic and irredeemable right to procreate by a sterlization statute which made invidious discriminations between classes of offenses. The ruling cannot help defendant in the circumstances before us.

■ Here the legislature has been fit to proscribe various kinds of acts of obtaining property of another by various forms of deception and with various descriptions of mental state or intent. (See SHA, 1967, c 38, § 16–1 (Theft) ; § 17–1 (Deceptive Practices) ; § 17–3 (Forgery)—and Committee Comments.) A range of alternative penalties of fine or imprisonment or·both is provided. The legislature has chosen to distinguish the culpability of one who uses his own name as a maker from that of one who dissembles by the use of a fictitious name. We do not find that the legislative classification is so unreasonable or that the range of penalties is so disproportionate as to be constitutionally im-- permissible.

We, therefore, affirm the judgments below.

Affirmed.

ABRAHAMSON and MORAN, JJ., concur.