(No. 41238.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DOMINIC FOGNINI, a/k/a LARRY SWARTZ, Appellant.

*Opinion filed December 4, 1970.*

MORTON ZWICK, Director of Defender Project, of Chicago, (E. ROGER HORSKY and RALPH RUEBNER, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and WILLIAM V. HOPF, State's Attorney, of Wheaton, (JAMES B. ZAGEL, Assistant Attorney General, and RALPH J. GUST, JR., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

The defendant here on appeal was indicted for theft in the circuit court of Du Page County, and following a jury trial in which the defendant was convicted of that charge, the defendant was sentenced to a term of five to ten years in the Illinois State Penitentiary. It is that conviction which the defendant seeks to have reversed on the basis that he was indicted under his real name and an alias without evidence that he had ever used an alias, and that evidence introduced at trial that the defendant upon being booked used the alias was a reference to an in-custody interrogation which violated his right against self-incrimination, as the warnings required under *Miranda* v. *Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, were not given to the defendant.

As to the first contention that the use of the alias in the indictment was not based on any evidence that the defendant had used other names, but was used only to prejudice him in his trial, we find this argument to be without merit. The defendant did not object to the name as it appeared in the indictment by a pretrial motion to dismiss the charge, which was his proper course to take under section 114—1 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1969, ch. 38, par. 114—1(a)(10).) A case analogous to this is *Hauser* v. *People*, 210 Ill. 253, where the defendant urged on appeal for the first time that he had been unduly prejudiced by the trial court's giving an instruction naming the defendant by his real name and also by an alias. The indictment in *Hauser* had also used an alias in naming the accused. This court

there held that the defendant had waived the objection regarding the misnomer and stated that since he was indicted by the same name as used in an instruction and he did not by any motions urge that his name was incorrectly stated in the indictment, he became estopped to object later to the use of it in the instruction. The *Hauser* case points to the conclusion we reach here. Given the remedy with respect to motions to dismiss a charge because of a misnomer, one must object by means of such a motion to dismiss to have this objection preserved for appeal. It is also noted in this case that although the defendant suggests that there is no evidence indicating that the defendant has ever used an alias and therefore was prejudiced, there was testimony before the jury that the defendant upon being booked used the name of Larry Swartz as an alias. He also used this alias in signing his bond. *Cf. People* v. *Jedynak,* 377 Ill. 621.

With respect to the defendant's argument that it was a violation of *Miranda* to admit the aforementioned testimony by a police officer as to the defendant's use of an alias, we believe there was no violation of the defendant's rights as prescribed in *Miranda.* Although none of the *Miranda* warnings were given to the defendant and no hearing as to the voluntariness of this statement was held, this was not an in-custody interrogation as contemplated by the United States Supreme Court in *Miranda.* The preliminary questions asked an accused with respect to his name and address, which are part of the booking proceedings certainly do not amount to an interrogation in order to elicit incriminating testimony or admissions from the defendant. Therefore no *Miranda* warnings or hearings to suppress the evidence were required prior to hearing this testimony at the trial. *Toohey* v. *United States* (9th cir. 1968), 404 F.2d 907; *People* v. *Rivera,* 26 N.Y.2d 304, 258 N.E.2d 699.

The decision of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*