THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EMERY J. HACKBERT, Defendant-Appellant.

(No. 72-262; )

Second District—August 13, 1973.

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

F. Lawrence Lenz, State's Attorney, of Freeport, and James W. Jerz, of Model District State's Attorneys Office, of Elgin, for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Emery J. Hackbert, the defendant, was indicted for forgery in violation of section 17—3(a)(2) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 17—3(a)(2)). Pursuant to negotiations, defendant pleaded guilty and was sentenced to three years probation conditioned on his serving the first eight months at Vandalia.

On appeal, defendant contends that the court erred in entering final judgment on the guilty plea when it had substantial reason to believe that the essential element of intent was absent. We find no merit in his argument under the circumstances of this case.

The indictment was read to the defendant and the included copy of the admittedly forged check was shown to him. He acknowledged an

understanding of the charge. Represented by the public defender, he was thoroughly admonished in compliance with Supreme Court Rule 402. To establish the factual basis the court first asked defendant if he was pleading guilty because he did in fact do what was charged in the indictment, to which the defendant answered "yes." The court then asked the prosecutor for any further factual basis for the plea, to which the prosecutor responded:

"On the date of January 30, 1972, the defendant was a resident of the Senate Hotel in Freeport. A person named Jesse Meier was employed as the desk clerk at the Senate Hotel. The defendant came to Mr. Meier and asked that Meier cash a check for the defendant and the defendant represented that he was the payee, Robert Becker, named in the check. The check was in the amount of $30 drawn on the American Trust and Savings Bank, payable to Robert Becker, and drawn on the account of E. J. Hoffman, account #187502. The defendant endorsed the check, Robert Becker, 2412 South 24th, Phoenix, Arizona, then delivered the check to Jesse Meier and received $30 United States currency. The person Mr. Meier became suspicious about the man, so he called the bank at Dubuque, Iowa and was informed that there was no customer in their bank by the name of E. J. Hoffman nor was there an account #187502. The Clerk then made a report of that fact to the Freeport Police Department and the Police Department were able to apprehend the defendant; and at the time they apprehended him and identified themselves as officers of the Police Department, the defendant stated that he knew why they were there and apprehending him. I have nothing further, your Honor."

At the hearing in aggravation and mitigation three prior convictions, deceptive practices in Illinois, the false uttering of a check in Iowa and the violation of the check law of Kansas, were placed in the record. The defendant then made a statement in his own behalf in mitigation. He said that when he gave the man the check it was on a Sunday and it was going to be held until Monday and then defendant was to pay it back; that when the police came to pick him up he was at Western Union to get a money order for that purpose. He also said that the hotel had his clothes which they were holding until he got the money and that he talked to the manager twice on Monday. Defendant claims that this statement substantially negated the essential element of the intent to defraud. He seeks to justify the arrangement and agreement with the hotel clerk as amounting to a loan or a form of secured transaction. However, as the State points out, this explanation does not negative the necessary intent under the crime charged. It is clear from the record

that at the time the check was given, the hotel clerk was unaware that it was a forgery. Therefore, even accepting defendant's explanation that the forged check was given as a security for a loan and that he intended to repay at a later time, the necessary criminal intent was shown under the statute. The statute (Ill. Rev. Stat. 1971, ch. 38, par. 17—3(b)) defines the necessary intent:

> "An intent to defraud means an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property."

■■ Defendant's conduct, even assuming he intended that the check not be cashed because he would provide the cash later, was criminal because the forged check was delivered to the clerk in exchange for the $30. Giving a false security in the form of a promissory instrument has been recognized as the subject of a forgery. (*People v. Goldstein* (1938), 368 Ill. 50, 55.) If the forged instrument is uttered, the intent to defraud is presumed. *People v. Bailey* (1958), 15 Ill.2d 18, 23-24. See also *People v. Goldstein* (1938), 368 Ill. 50, 55.

■■ There thus appears on the record a more than sufficient factual basis upon which the court could have reasonably concluded that defendant committed the act of delivering a forged check with the requisite intent to defraud. (*People v. Rowell* (abstract opinion, 1973), 11 Ill. App.3d 203; *People v. Hudson* (1972), 7 Ill.App.3d 800, 803.) *People v. Farnsworth* (1973), 10 Ill.App.3d 844, cited by defendant as additional authority is clearly distinguishable on its facts.

■■ We have taken with the case defendant's motion for summary modification of sentence under the Uniform Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4) together with objections by the State. Defendant argues in effect that his probation time should be doubly credited with the time he spent in Vandalia as a condition of that probation. We conclude that the objections to the motion are well taken. The "split sentence" was authorized when imposed, and also when defendant was released from incarceration. If the provisions of the new Code are now applied to the sentence as a whole the defendant would have the identical remaining probation time to be served since he was given probation time credit for the time served in Vandalia. No authority has been cited or found which would entitle the defendant to have his probation time further reduced under these circumstances. The motion is therefore denied.

The judgment below is affirmed.

Affirmed.

GUILD, P. J., and DIXON, J., concur.