The People of the State of Illinois, Plaintiff-Appellee, *v.* David A.
Baer, Defendant-Appellant.

(No. 12344;

Fourth District—May 8, 1974.

Ora J. Baer, II, of Champaign, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Donald R. Parkinson, Assistant State's Attorney, and Linda Marcus, Senior Law Student, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

A jury in Champaign County found the defendant guilty of theft of doughnuts and a canned deviled ham from "Jewel Companies, Inc., a corporation, d/b/a Eisner Food Store." The State called two police officers as witnesses, who were not listed on the State's list of witnesses furnished defendant prior to trial. One witness, Whipple, established the chain of possession and condition of the ham introduced in evidence as a State exhibit; the other witness, Andrews, was permitted to testify after the People had rested as to the ownership of the merchandise and the location of the store. Two other officers watched the defendant take the merchandise, put it in his pocket and walk through the check-out counter without paying for it. He was taken to a back room in the store, questioned without being advised of his constitutional rights, produced the ham and signed a statement. The written statement was suppressed; however, the officer was permitted to testify that after defendant was arrested and upon entering the doorway of the manager's office at the back of the store, he said: "O. K. You got me," and then he gave the officer the ham.

The motion to suppress did not specify any particular statements that were made. The trial court did not consider the defendant's oral statement as involuntary. The record is bare of any questions put to defendant by anyone prior to his making the exclamation. Defendant's objection at trial was based solely upon hearsay. The defendant contends that the People failed to go forward with evidence in proving the confession voluntary.

■■ It is not decisive of the issue that the State did not call any wit-

nesses at the hearing on the motion to suppress. The trial court's decision as to the voluntary nature of a defendant's statement will not be set aside unless contrary to the manifest weight of the evidence. (*People v. Pittman* (1973), 55 Ill.2d 39, 302 N.E.2d 7.) The source of the evidence does not determine the voluntary nature of a statement. Voluntariness must be determined by the totality of all the circumstances surrounding the making of the same. (*People v. Weinstein* (1970), 46 Ill.2d 222, 263 N.E.2d 62.) There is no evidence in the record of any incriminating statement made by the defendant prior to his giving the ham to the officers, nor of their asking any questions prior to making the oral statement.

■■ Defendant was placed under arrest and spontaneously volunteered his statement prior to any questioning by the officers. Under these circumstances, there is no requirement that *Miranda* warnings be given. The police are not required to interrupt a suspect in the process of making such a statement. (*In re Orr*, 38 Ill.2d 417, 231 N.E.2d 424, *cert. denied*, 391 U.S. 924.) The trial court's determination of voluntariness does not appear to be contrary to the manifest weight of the evidence.

■■ Defendant next contends that it was error to permit a police officer to testify for the State in identifying an exhibit (the ham) since the officer was not on the State's list of witnesses and that under such circumstances the State has the burden to show that the witness was not known and his name could not have been obtained by the exercise of due diligence prior to the trial as provided in section 114—9(b) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1973, ch. 38, par. 114—9 (b)). The statute provides that the court *may* allow unlisted witnesses to testify and it provides a standard to be applied at the trial court level in either accepting the testimony of unlisted witnesses, denying the same or granting a continuance and in the absence of a showing of surprise or prejudice, the trial court's discretion will not be reviewed. (*People v. Steel* (1972), 52 Ill.2d 442, 288 N.E.2d 355; *People v. Kenzik* (1961), 22 Ill.2d 567, 172 N.E.2d 162.) The burden of showing surprise or prejudice is on the defendant. *People v. Raby* (1968), 40 Ill.2d 392, 240 N.E.2d 595, *cert. denied*, 393 U.S. 1083.

■■■ In both *Raby* and *Steel* the court in determining whether there had been prejudice, considered the fact that no request for continuance was made; consideration has been given also to whether or not the testimony of the unlisted witness included matters critical upon the issue of guilt. (*People v. Holmes* (1973), 12 Ill.App.3d 713, 298 N.E.2d 738.) In *Raby* the court clearly indicated that the "surprise or prejudice" standard applied in such cases was one of reversible error, rather than the test for allowance of testimony. Defendant was not prejudiced by

permitting Police Officer Whipple to testify only to the chain of possession of the ham. The stolen property need not be introduced in evidence in a theft case as defendant also contends at length in argument. A conviction for theft can rest solely on the testimony of witnesses who saw the theft, as they did in this case. (*People v. Jamison* (1973), 11 Ill.App. 3d 516, 297 N.E.2d 664.) The exhibit introduced through the identification by the unlisted witness was merely cumulative. It was not critical as to defendant's guilt and could not have surprised the defendant nor in any way hindered him in his defense. There was no request for a continuance. This is also equally applicable to the witness Andrews insofar as he was not listed in advance of trial as a witness.

■■ Defendant also contends as to witness Andrews that the trial court erred when it allowed the State to reopen his direct examination after resting to identify the store from which the merchandise was taken. The court mistakenly thought the State had failed to prove which Eisner store was involved, when in fact the record clearly reflects that prior to allowing the State to reopen, witnesses had testified that the store was on Green Street. One gave the exact street address as 105 West Green Street in Champaign and stated that Eisners owned the can of ham. Thus, although Andrews was called for the limited purpose of establishing ownership, this had already been established and any error relating thereto is not prejudicial. His only new testimony was that Eisner Food Store was a division of Jewel Companies, Inc. This testimony occurred before the State was allowed to reopen direct examination. Proof of theft from Eisner Food Stores at 105 West Green was not a fatal variance between the indictment and the proof. The primary purposes for alleging and proving ownership are to enable the accused to prepare for trial and to prevent double jeopardy. Proof of ownership in the entity as specifically named and set out in the indictment does not have to be made in order to sustain a conviction. (*People v. Harden* (1969), 42 Ill.2d 301, 247 N.E.2d 404.) The existence of a corporation may be shown by the direct oral testimony of a person with knowledge of that fact. *People v. McGuire* (1966), 35 Ill.2d 219, 220 N.E.2d 447.

■■ Permitting the State to reopen its case to make proof of corporate ownership rests in the sound discretion of the trial court and this discretion will not be interfered with except where it is clearly abused. (*People v. Cross* (1968), 40 Ill.2d 85, 237 N.E.2d 437; *People v. Franceschini* (1960), 20 Ill.2d 126, 169 N.E.2d 244.) The testimony of the witness that Eisners was a division of Jewel Companies, Inc., could not have taken the defendant by surprise, and we find no prejudicial error in the trial court permitting the reopening of the case for this purpose.

The defendant next complains that the prosecutor objected to the

defendant's closing argument and further stated "There are cases on point that any employee of the company can testify as to its status." If this issue is treated as one of improper closing argument on the part of the prosecutor, the defendant waived that issue by his failure to object. *People v. Edwards* (1973), 55 Ill.2d 25, 302 N.E.2d 306.

■■ Lastly, defendant argues that the ham should not have been introduced into evidence because the State did not show a continuous chain of possession. Since there is no requirement that the stolen property be introduced into evidence and there was testimony that the property was in fact stolen, the introduction of the ham itself would be cumulative and any error regarding its introduction would be harmless. All cases cited by the defendant on this contention involved prosecution for crimes where the nature of the substance involved is an element of the crime, such as drug offenses, contrary to the crime of theft. Where there is no evidence or claim of tampering and the witness' positive identification of the exhibit is not impeached, the witness' testimony and even the exhibit itself would be properly admissible even though there was no perfect chain of possession shown. (*People v. Nemke* (1970), 46 Ill.2d 49, 263 N.E.2d 97, *cert. denied,* 402 U.S. 924.) There was no hint of tampering nor any impeachment of the testimony of the witnesses in the record. For the reasons stated herein, the judgment of the Circuit Court of Champaign County is affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.