THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DEBORAH L. ESTON, a/k/a Carolyn Lue, Defendant-Appellant.

Fourth District   No. 13730

Opinion filed June 13, 1977.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Chicago, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Robert C. Perry and Jane F. Bularzik, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals her conviction of forgery following the verdict of a jury. A sentence of three to nine years was imposed.

The information alleged in the language of section 17—3(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 17—3(a)(1)), that the defendant:

> " * * * with the intent to defraud did knowingly deliver * * * a document apparently capable of defrauding another in that it purported to have been made by another, Goldie Davis, * * *."

Defendant approached the check-out station of a store with several items. She undertook to pay with a check described by defendant as a "counter check" without the account number or other personal identification. The check in the sum of $62.93 was signed "Goldie Davis." The briefs agree that the check was signed by defendant at the store. As personal identification, defendant presented a driver's license with a noticeable appearance of the alteration of the name, sex of the licensee, date of birth, signature and license numbers. The cashier at the station called the manager who examined the check and the driver's license. As he went to a telephone, he was followed by defendant and as she observed that he was calling the police she attempted to grab the documents. She then left the store walking quickly and proceeded hurriedly through the parking lot. The manager of the store followed her a short distance until the police arrived. He displayed the check and driver's license to the officers. At that time defendant would not give her name in response to a request that she identify herself. She was taken into custody and delivered to the police station. Ultimately, she stated that her

name was Lue but that the name on her birth certificate was Eston, which name she spelled for the officer. When asked if she was Goldie Davis, she did not answer.

Defendant first argues that the State failed to prove guilt beyond a reasonable doubt for it did not prove that defendant "lacked authority to sign the name 'Goldie Davis' or that Goldie Davis is the name of a fictitious person."

Upon this issue defendant cites authorities from some eight other jurisdictions. We have not undertaken to examine the numerous statutes relating to forgery which would be concerned. As Illinois authority, defendant cites *People v. Brown* (1947), 397 Ill. 92, 72 N.E.2d 859, and *People v. Dauphin* (1964), 53 Ill. App. 2d 433, 203 N.E.2d 166. *Brown* was concerned with the sufficiency of an indictment and whether a tenor clause was required therein. We find no statement that lack of authority to sign is an element of proof of the offense. *Dauphin* examined defendant's theory that under the Negotiable Instruments Law the check was a bearer instrument since it was not intended that the payee have an interest in it. That opinion discussed the fact the Negotiable Instruments Law was amended to protect banks when a known agent or manager fraudently supplied the name of the payee. We have not discovered how such opinion applies here.

■■ The present statute does not incorporate the elements urged by defendant to be required in proof. In *People v. Lanners* (1970), 122 Ill. App. 2d 290, 293, 258 N.E.2d 390, the indicated drawer of the check was a fictitious name. There the defendant argued that the statutory language "purports to have been made by another" assumes that there is "another," and that the document can not purport to have been made by another if there is, in fact, no other in existence. The court pointed out that the present statute incorporated the former offenses of forgery and also the offenses of drawing fictitious checks. The court said:

"However, the present criminal code broadly incorporates all forms of forgery into a single crime. * * * "

■■ In *People v. Bell* (1974), 23 Ill. App. 3d 227, 318 N.E.2d 526 (abstract), it was contended that there was a distinction between a fictitious person and a person using a fictitious name. The court said:

"The gravamen of the offense is the intentional deceit in making and uttering the instrument and where a fictitious name is used as maker in furtherance of the fraudulent scheme the State should not be blocked by a semantic distinction as to whether 'another' means only a living actual person not the maker or includes as well 'another' who in fact does not exist at all. In either case the instrument purports to be made by 'another' than the person who

actually made it. We believe the statute was intended to cover such a case."

An intent to defraud may be inferred from the surrounding facts and circumstances. (*People v. Clark* (1969), 104 Ill. App. 2d 12, 244 N.E.2d 842; *People v. D'Andrea* (1935), 361 Ill. 526, 198 N.E. 698.) If the forged instrument is delivered the intent to defraud is presumed. (*People v. Bailey* (1958), 15 Ill. 2d 18, 153 N.E.2d 584; *People v. Hackbest* (1973), 13 Ill. App. 3d 427, 300 N.E.2d 777.) It is not required that someone be actually defrauded to sustain conviction for forgery. *People v. Church* (1937), 366 Ill. 149, 7 N.E.2d 894.

■■ ■ We conclude that evidence which discloses that defendant sought to confirm the authenticity of the check by displaying crudely and obviously altered driver's license as to name, signature, date of birth and sex of the person to whom initially issued supports a conclusion of an intent to defraud, and that the instrument was apparently capable of defrauding. There is, in addition, conduct from which the jury might reasonably infer that defendant sought to flee when the transaction was questioned. Such evidence is admissible to show consciousness of guilt. *People v. Harris* (1972), 52 Ill. 2d 558, 288 N.E.2d 385; *People v. Perkins* (1973), 12 Ill. App. 3d 5, 297 N.E.2d 15.

■■ In the context of proof that defendant lacked authority to sign the name, Goldie Davis, it is apparent that defendant sought to persuade by the altered license that she was the Goldie Davis who signed the check. Within the statute the check "was apparently capable of defrauding" in that it "purports to have been made by another * * *."

■■ ■ Defendant argues that this court must consider as plain error under Supreme Court Rule 615 certain testimony to which there was neither objection during trial, nor a post-trial motion. An officer testified that at the police station defendant was asked her name and that she finally gave the name Lue and that the name on her birth certificate was Eston. The officer was asked whether he inquired whether her name was Goldie Davis and he stated "She didn't answer". It is argued that it is prejudicial error to testify that under arrest defendant failed to answer a question. In *People v. Fognini* (1970), 47 Ill. 2d 150, 265 N.E.2d 133, *cert. denied* (1971), 402 U.S. 911, 28 L. Ed. 2d 653, 91 S. Ct. 1389, it was contended that it was error to permit testimony by police that defendant used an alias. In the context of a statement made within the *Miranda* Rule, the court said:

> "The preliminary questions asked an accused with respect to his name and address, which are part of the booking proceedings certainly do not amount to an interrogation in order to elicit incriminating testimony or admissions from the defendant." (47 Ill. 2d 150, 152, 265 N.E.2d 133, 134.)

This case does not concern testimony concerning in-custody interrogation wherein the post-arrest silence is "insolubly ambiguous" as to whether or not there was an exercise of *Miranda* rights. (*Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240.) In *People v. Etten* (1975), 29 Ill. App. 3d 842, 331 N.E.2d 270 *cert. denied* (1976), 425 U.S. 994, L. Ed. 2d 818, 96 S. Ct. 2207, it was held that testimony concerning defendant's failure to answer a question may be waived by a failure to object. The argument that such testimony was the only evidence that defendant was not Goldie Davis is belied by the record which shows that defendant was properly asked her name and stated it to be Lue and Eston. In the light of all of the evidence any error was harmless beyond a reasonable doubt under the rule of *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.

■■ Defendant also urges that we reverse as plain error for the reason that during the testimony of a police officer, he referred to "mug shots" of defendant. No mug shots were produced in court and no reference was made to such by the State's attorney. The record shows an unsolicited, unresponsive remark by a witness which does not require reversal. *People v. Dukett* (1974), 56 Ill. 2d 432, 308 N.E.2d 590; *People v. Christy* (1976), 43 Ill. App. 3d 1004, 358 N.E.2d 8.

The judgment is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.