PER CURIAM.
The single point presented on this appeal is that the trial judge erred in denying the defendant’s motion to strike “also, known as Robert Morgan” from the information. The appellant, Harry Lamb, was found guilty by a jury of burglary of a structure with intent to commit petit larceny and of petit larceny.
An information was filed which charged the defendant as “Harry Lamb also known as Robert Morgan.” The defendant pleaded not guilty at arraignment. Immediately prior to trial, he moved to strike the designated portion of the information. Defense counsel admitted that the defendant had used the name “Robert Morgan” at his preliminary hearing. The court denied the motion.
No Florida case has been cited which holds that the use of a second name in an information is reversible error. But see Fla.R.Crim.P. 3.140(d)(2). We recognize that there may be situations where the use of one or more “alias” names might tend to prejudice the defendant’s right to a fair trial. See the discussions in D’Allessandro v. United States, 90 F.2d 640 (3d Cir. 1937); United States v. Grayson, 166 F.2d 863 (2d Cir. 1948); and State v. Varner, 329 S.W.2d 623 (Mo.1959).
The present matter does not fall within the theory of such cases for several reasons. *125 First of all, there was nothing inherently demeaning in the appellation used. Secondly, the word “alias” was not used. Also, the two names were relevant because the defendant acknowledged his double identity at the preliminary hearing. Cf. People v. Fognini, 47 Ill.2d 150, 265 N.E.2d 133 (1970); and see the point of law in Castle v. State, 305 So.2d 794, 797 (Fla. 4th DCA 1974). Therefore, no prejudice has been shown.
Affirmed.