THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH E. HENSON, Defendant-Appellant.

Fourth District   No. 4—85—0131

Opinion filed August 27, 1985.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Hugh Finson, State's Attorney, of Monticello, for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On September 20, 1984, defendant, Joseph E. Henson, was charged by information with eight counts of forgery in violation of sections 17—3(a)(1) and (2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 17—3(a)(1), (2)). Defendant subsequently filed a motion to dismiss all counts on the basis that the sentencing provision for the forgery statute was unconstitutional. The motion was denied following a hearing on January 2, 1985. On January 15, 1985, the parties agreed to stipulate as to the State's evidence, and the State agreed to dismiss four of the eight counts of forgery. Defendant was later sentenced to four concurrent three-year terms of imprisonment, with credit for time served.

On appeal, defendant argues that the Illinois forgery statute violates equal protection and due process, because there is no rational basis for punishing forgery of amounts less than $300 as a Class 3 felony while theft of less than $300 is a Class A misdemeanor.

The stipulated evidence indicated that defendant was identified as

the person who cashed four checks from an account of William Lankford in the amounts of $100, $100, $150, and $200. It was further stipulated that Lankford did not write those checks, nor did he authorize another to sign his name.

At a hearing on his motion to dismiss, defendant argued that since none of the checks alleged to have been forged exceeded $200, he should have been charged with theft by deception, a misdemeanor, since the amount stolen was less than $300. Defendant asserted that the conduct involved in forgery, *i.e.*, the wrongful taking of the property of another, was substantially the same as that of theft by deception. He maintained that the statute creates an unreasonable distinction between the two offenses. We disagree.

Although a State may not arbitrarily discriminate against two persons who are similarly situated under the guise of classification (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407), this is not such an instance. Forgery and theft are not identical offenses. Theft requires the accused to have knowingly "[o]btain[ed] or exert[ed] unauthorized control over property of the owner." (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a).) Forgery occurs when a person, with intent to defraud, knowingly "[m]akes or alters any document apparently capable of defrauding another." (Ill. Rev. Stat. 1983, ch. 38, par. 17—3(a)(1).) The making of the instrument is enough to constitute forgery. The consummation of the fraud (*i.e.*, obtaining control over the property of another) is not necessary.

The test used to determine whether a rational basis exists for different classification of offenses is whether the classifications are reasonably drawn and provide penalties which are not so disproportionate "as to shock the conscience of reasonable men." (*People v. Lanners* (1970), 122 Ill. App. 2d 290, 294, 258 N.E.2d 390, 392.) That court further noted, in comparing the offenses of theft, forgery and deceptive practices, that the legislature prohibited various kinds of acts of obtaining property of another and provided a range of alternative penalties. The court recognized that the legislature chose to distinguish the culpability of one who has used his own name as a maker (deceptive practices) from one who dissembles by the use of a fictitious name (forgery).

Similarly, the legislature has chosen to distinguish the culpability of one who obtains or exerts unauthorized control over the property of another from one who intends to defraud another through the use of an altered instrument. We do not find the distinctions made by the legislature to be so unreasonable or the ranges of sentences to be so disproportionate as to be constitutionally impermissible.

For the reasons stated, the decision of the trial court is affirmed.

Affirmed.

TRAPP and MORTHLAND, JJ., concur.