THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SYLVESTER ACOFF, Defendant-Appellant.

Fifth District No. 5—88—0208

Opinion filed September 6, 1989.

Daniel M. Kirwan and John T. Hildebrand, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Sylvester Acoff was charged in the circuit court of St. Clair County with the offense of residential burglary. He was found guilty by a jury and sentenced to five years in prison.

Prior to trial, Acoff filed a motion to suppress evidence alleging that the seizure of various items was made without a warrant or his consent. At the hearing on this motion, East St. Louis Detective Ronald Matthews testified that on September 30, 1987, he was investigating the burglary of the home of Irene Mathis. Matthews questioned Acoff's codefendant, Matthew Williams, who told Matthews that he and Acoff had burglarized Mathis' home, and directed Matthews to an apartment in the Gomper Homes housing project. Matthews proceeded to the apartment, where he was met at the door by Acoff's girlfriend, Georgia Green. Ms. Green stated that Acoff did not live there but was present and directed Matthews to an upstairs bedroom. Upon confronting Acoff, Acoff denied being involved in the burglary, but admitted having some of the stolen property and directed Matthews to the closet where the items were located. Upon searching several bags in the closet, Matthews found several items matching the description of the stolen property. He then placed Acoff under arrest. Matthews also read his police report while on the witness stand. The report appeared to contradict his other testimony in that it stated, in

part, that after the detective informed defendant of the statements of Matthew Williams and Irene Mathis, defendant was taken into custody and "at this time" defendant directed Matthews to the closet where Mathis' property was located. Matthews further testified that when he entered the bedroom the case was "still in the investigation phase" and had defendant not wanted to speak to him, defendant could have left. Defendant was not given his *Miranda* warnings until he was taken to the police station.

Acoff testified that he was coming down the steps when Matthews entered the residence and told him he had to "go downtown for a burglary." Acoff went back upstairs to put on his shoes, and Matthews followed him into his bedroom and started searching. Upon finding a bag containing clothes, Matthews asked if the bags contained "Irene's stuff." Mr. Acoff responded, "If it is, get it," whereupon Officer Matthews took the items to Ms. Mathis for identification. Defendant also testified that he did not believe that he was under arrest and that he could have walked away and told Matthews to "go on about his business."

In denying Acoff's motion to suppress, the trial court specifically found that Acoff had said, "I wasn't involved in the burglary but I helped get rid of some things, and here they are, and you can take them." At trial, Acoff denied involvement in the burglary. Williams testified that he had signed a statement that he and Acoff had committed the burglary and had taken the stolen property to the apartment where Acoff was staying, but denied the truth of the statement, testifying instead that Acoff had not participated in the burglary. Matthews testified that after informing Acoff of Williams' confession, Acoff directed him to the closet which contained the stolen property and he then took Acoff into custody.

On appeal, Acoff argues that the items seized by Detective Matthews were the fruits of an illegal interrogation and were therefore wrongfully admitted into evidence. The State responds that Acoff waived this argument by not including it in his written motion to suppress, which was based on the lack of warrant or consent to search, maintaining that a motion to suppress illegally obtained evidence shall be in writing and state facts showing wherein the search and seizure were unlawful. (Ill. Rev. Stat. 1987, ch. 38, par. 114—12(b).) Acoff contends that, prior to trial, he made an oral motion arguing that the evidence should be suppressed because it had been seized in violation of his fifth amendment privilege against self-incrimination, to which the State did not object. By failing to object, Acoff argues, the State waived any objection to his failure to include this in his written mo-

tion to suppress. We find it unnecessary to address this argument as we conclude no fifth amendment violation took place.

Acoff maintains that his statements to Detective Matthews were made after he was taken into custody and without benefit of *Miranda* warnings. He argues that the arrest took place when Matthews first confronted him with Williams' statements, and that even if the arrest did not take place until Matthews orally informed him that he was being taken into custody, his statements still were made without benefit of required *Miranda* warnings.

■■■ *Miranda* warnings are required whenever a person in custody is subjected to either express questioning or its functional equivalent. (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) The critical inquiry in determining whether *Miranda* warnings are required is whether the suspect is "in custody" or has otherwise been deprived of his freedom of action in any significant way. (*People v. Finklea* (1983), 119 Ill. App. 3d 448, 456 N.E.2d 680.) Questioning alone does not require *Miranda* warnings, even where the person being questioned is one whom the police suspect. (*People v. Bradford* (1981), 97 Ill. App. 3d 998, 423 N.E.2d 1179; *People v. Clark* (1980), 84 Ill. App. 3d 637, 405 N.E.2d 1192.) The test to determine whether a person is "in custody" is whether, given an objective evaluation of the totality of the surrounding circumstances, with no single factor controlling, a reasonable innocent person would conclude that he is not free to leave, or was expressly or implicitly bound to remain in the presence of the police. (*People v. Holveck* (1988), 171 Ill. App. 3d 38, 524 N.E.2d 1073; *Finklea*, 119 Ill. App. 3d at 453, 456 N.E.2d at 682; *People v. Savory* (1982), 105 Ill. App. 3d 1023, 435 N.E.2d 226; *People v. Dixon* (1981), 102 Ill. App. 3d 426, 430 N.E.2d 547; *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137.) Factors to be considered in determining whether a statement was made in a custodial setting include the location and duration of the interrogation, the time of day the interrogation took place, the familiarity of the surroundings, the presence or absence of relatives, the number of police officers, whether the person got to the place of interrogation on his own, in response to police request or command, whether he voluntarily assisted the police in the interrogation, and any indicia of formal arrest such as physical restraint of liberty, display of weapons, or show of force. *People v. Fischetti* (1970), 47 Ill. 2d 92, 264 N.E.2d 191; *People v. Smith* (1986), 150 Ill. App. 3d 524, 501 N.E.2d 1010; *People v. Finklea* (1983), 119 Ill. App. 3d 448, 452, 456 N.E.2d 680, 682; *People v. Sanders* (1981), 103 Ill. App. 3d 700, 431 N.E.2d 1145.

 In the present case, Acoff argues that he was in custody from the time Matthews "intruded" into the bedroom and confronted him with Williams' confession. Under those circumstances, he maintains, a reasonable innocent man would believe that he was not free to leave. We do not agree. First, Matthews did not "intrude," but was allowed in by Ms. Green, who directed Matthews to the bedroom. It was approximately 11:30 a.m., Matthews was not accompanied by any other officers, and took no action that could be construed as a restraint of Acoff's liberty. The only thing Officer Matthews did prior to orally informing Acoff that he was being placed under arrest was to inform Acoff of Williams' confession implicating him in the burglary. Also, we note that Acoff himself testified that he did not believe himself to be under arrest until Matthews orally informed him that he was being taken into custody. We find that under the circumstances, a reasonable innocent person would not have considered himself to be under arrest when Matthews first entered into the room and confronted Acoff. We conclude that Acoff was not placed under arrest until he was so advised by Officer Matthews and that his statements made prior to that time were admissible.

 We next address Acoff's argument that, according to Matthews' police report, Matthews placed him under arrest immediately after informing him of Williams' confession and prior to his making any statements. Matthews testified, however, that he placed Acoff under arrest after Acoff denied involvement in the burglary and admitted having some of the stolen property. In denying Acoff's motion to suppress, it is apparent that the trial court concluded that Officer Matthews' oral testimony was accurate and that Acoff was not placed in custody until after making the incriminating statements. Findings of fact may not be reversed by a reviewing court unless they are clearly against the manifest weight of the evidence. To reverse the trial court's finding in this case and hold that the police report, rather than Matthews' testimony, was the more accurate statement of events would be nothing more than substituting our judgment for that of the trial court, which is not our proper function. *People v. Guyon* (1983), 117 Ill. App. 3d 522, 453 N.E.2d 849.

 In any event, regardless of whether Acoff's statements were made before or after Acoff was taken into custody, they were not made in response to any type of interrogation or questioning. The record indicates that Matthews merely informed Acoff of Williams' incriminating confession, whereupon Acoff voluntarily told Matthews that he had some of the stolen property and where it was located. Voluntary statements made without benefit of *Miranda* warnings are

nonetheless admissible. *People v. Baer* (1974), 19 Ill. App. 3d 346, 311 N.E.2d 418.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH, P.J., and GOLDENHERSH, J., concur.