THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEVEN L. PIERCE, Defendant-Appellee.

Third District    No. 3—96—0154

Opinion filed November 27, 1996.—Rehearing denied January 3, 1997.

HOLDRIDGE, P.J., dissenting.

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Steven L. Pierce, was arrested on charges of driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1994)), driving while license suspended (625 ILCS 5/6—303(a) (West 1994)) and failure to use lights when required (625 ILCS 5/12—201(b)

(West 1994)). The trial court granted the defendant's motion to suppress a statement that he made after he was put in custody but prior to the police informing him of his *Miranda* rights. The State appeals. Following our careful review of the record, we affirm.

At approximately 4 a.m. on October 29, 1995, a Bureau County deputy sheriff on patrol in Seatonville observed a motorcycle coasting down a hill on Route 6 with no headlights on. The defendant pulled the motorcycle into a private drive and alighted from the vehicle. The officer approached the defendant and asked to see his driver's license and motorcycle registration. Upon observing indications that the defendant was intoxicated, the officer placed the defendant under arrest. The defendant became belligerent and uncooperative, and the officer handcuffed him and placed him in the squad car. The defendant was not given the *Miranda* warnings at that time.

After placing the defendant in the squad car, the officer prepared to impound the motorcycle. The defendant said he did not want the vehicle to be impounded. The officer told the defendant he would not impound the motorcycle if it was properly registered and insured. The officer proceeded to question the defendant concerning whether the motorcycle: (1) belonged to the defendant; (2) was registered to the defendant; (3) was insured; (4) had valid license plates; and (5) should be towed. In response to these questions, the defendant said he drove the motorcycle to Seatonville because a person named "Frog" was interested in purchasing the motorcycle.

Prior to his trial, the defendant moved to suppress his statement that he had driven the motorcycle to Seatonville. He claimed the statement was involuntary because it was made during a custodial interrogation and prior to the *Miranda* warnings. The State maintained that the statement was voluntary and not given in response to any interrogation of the defendant. The trial court ruled that while the officer did not ask the defendant if he had been driving the motorcycle, the officer did ask other questions that might have elicited incriminating evidence. As a consequence, the court found the defendant was entitled to the *Miranda* warnings prior to interrogation. Because the defendant had not received those warnings, the court suppressed the defendant's statement that he drove the motorcycle to Seatonville.

On appeal, the State contends that the trial court erred in suppressing the defendant's statement. We disagree.

██ Statements obtained from a person as a result of a custodial interrogation are admissible at trial *only* if, prior to the interrogation, the person is warned of his right to remain silent, that any statement he makes may be used against him, that he has the right

to have an attorney present and that if he cannot afford an attorney, one will be appointed for him. See *Miranda v. Arizona,* 384 U.S. 436, 469, 471, 476, 16 L. Ed. 2d 694, 720, 722, 725, 86 S. Ct. 1602, 1625, 1626, 1629 (1966). An interrogation includes any words or actions by police that are reasonably likely to evoke an incriminating response. *Rhode Island v. Innis,* 446 U.S. 291, 301, 64 L. Ed. 2d 297, 308, 100 S. Ct. 1682, 1689-90 (1980). The trial court's decision to suppress statements based on the lack of *Miranda* warnings will be overturned only if the ruling is against the manifest weight of the evidence. *People v. Jordan,* 90 Ill. App. 3d 489, 494, 413 N.E.2d 195, 198 (1980).

■ In the instant case, both the State and the defendant agree that the defendant was in custody at the time he made the suppressed statement. The issue is whether the conversation between the arresting officer and the defendant was an interrogation. From our review of the record, we find that the police officer's questions were reasonably likely to evoke an incriminating response. Depending on the defendant's answers during the interrogation, the officer could have learned the motorcycle was stolen, improperly registered, not properly insured, or that the license plates were not valid. Any incriminating responses could have led to the filing of charges against the defendant. Because we determine that the questions could have induced the defendant to incriminate himself, the officer was required to warn the defendant pursuant to *Miranda* before questioning him. In this case, the officer failed to so warn the defendant. Accordingly, the defendant's statement was properly suppressed by the trial court.

For the reasons stated, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

MICHELA, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, dissenting:
I respectfully dissent. The officer's questions to the defendant about the ownership, registration and insurance of the motorcycle were in response to the defendant's concerns that the motorcycle would be impounded. The issue in this matter is whether, as a matter of law, the officer's questions concerning impounding the vehicle constituted an interrogation reasonably likely to elicit incriminating evidence. See *People v. Abdelmassih,* 217 Ill. App. 3d 544 (1991).

Here, the defendant's voluntary statement that he had driven the vehicle was not responsive to the questions concerning ownership, license, registration and insurance on the motorcycle. The of-

ficer's questions, routine in nature, were not reasonably likely to evoke the statement made by the defendant. I would find, as a matter of law, that the defendant's statement was not secured in violation of his *Miranda* rights. *People v. Dalton*, 91 Ill. 2d 22 (1982). I would therefore reverse the trial court.

For the reasons discussed, I respectfully dissent.