THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JASON BARNETT, Defendant-Appellee.

Third District  No. 3—08—0672

Opinion filed August 19, 2009.

SCHMIDT, J., dissenting.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Justin A. Nicolosi (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Chuck Bretz and Joel Murphy (argued), both of Chuck Bretz & Associates, P.C., of Joliet, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Jason Barnett was charged with aggravated driving under the influence of alcohol while on a suspended license (DUI) (625 ILCS 5/11—501(a)(2) (West 2004)), aggravated driving under the influence of alcohol while under the combined influence of alcohol, drugs, or other compounds (625 ILCS 5/11—501(a)(5) (West 2004)), and obstructing justice for providing a police officer with a false name (720 ILCS 5/31—4(a) (West 2004)). He moved to suppress the statements he made after he was placed in custody, citing the officer's failure to administer *Miranda* warnings. The trial court granted the motion, and the State appeals. We affirm.

At the motion to suppress hearing, Officer Matthew Lehmann was the only witness. Lehmann stated that he pulled defendant's vehicle over on the evening of October 15, 2005, for a speeding violation.

Defendant initially told Lehmann that his name was Darren K. Ellis and gave the officer a date of birth of August 28, 1980. Lehmann asked for identification, and defendant stated that did not have any because he was in the Marines. Lehmann asked defendant who owned the vehicle. Defendant stated that it belonged to his cousin, but did not give his cousin's name.

Defendant initially stated that he had not consumed any alcohol, but later said that he had had three or four beers. Officer Lehmann administered field sobriety tests and then handcuffed and arrested defendant for DUI. Lehmann did not read defendant his *Miranda* rights at that time.

Lehmann placed defendant in his squad car and headed back to the police station. During the drive, Lehmann asked defendant who owned the vehicle. Defendant started to answer Lehmann but then paused and said he needed to "be straight" with Lehmann. Defendant then informed the officer that he had provided a false name and that his real name was James Barnett. Lehmann testified that he asked defendant who owned the car because he was going to put the information on the tow report. He admitted that he had already checked the vehicle's license plates and determined the owner as recorded by the Secretary of State. Lehmann stated that, regardless of defendant's answer, he would have written the official owner of record on the report.

Lehmann also asked if defendant had a valid license, and defendant informed him that his license was suspended. Lehmann acknowledged that asking a person if he has a valid driver's license could lead to an incriminating response.

At the police station, Lehmann discussed the normal DUI arrest procedures with defendant and read him the "Warning to Motorist" provisions. During the booking process, Lehmann asked defendant several questions "to complete the paperwork necessary for an arrest and booking," such as his name, date of birth, scars, tattoos, etc. Lehmann testified that he had other conversations with defendant over the course of 20 minutes but could not recall them "in depth." During one of those conversations, defendant informed Lehmann that he was taking medication for seizures and that he was not supposed to drink alcohol while taking the drug. Lehmann did not read defendant his *Miranda* rights at any point during the DUI booking process.

Defendant argued that the statements he made should be suppressed because they were made during a custodial interrogation without proper *Miranda* warnings. The State maintained that the fifth amendment did not apply because the statements were voluntary and were not made in response to any questions of an interrogative

nature. The trial court granted the motion and suppressed defendant's statements.

On appeal, the State claims that the trial court erred in suppressing defendant's statements that he provided a false name and was taking seizure medication. The State concedes that the trial court properly suppressed defendant's statement that his license was suspended.

Statements obtained from a person as a result of a custodial interrogation are admissible at trial only if, prior to the interrogation, the person is warned (1) of his right to remain silent, (2) that any statement he makes may be used against him, (3) that he has the right to have an attorney present, and (4) that if he cannot afford an attorney, one will be appointed for him. *Miranda v. Arizona*, 384 U.S. 436, 469, 16 L. Ed. 2d 694, 720, 86 S. Ct. 1602, 1625 (1966). An "interrogation" occurs through express police questions or "any words or actions on the part of the police *** that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301, 64 L. Ed. 2d 297, 308, 100 S. Ct. 1682, 1689-90 (1980). The definition of an interrogation focuses primarily on the perception of the defendant, rather than the officer. *People v. Parker*, 344 Ill. App. 3d 728 (2003). The trial court is in the best position to assess the witnesses' credibility and draw all reasonable inferences. *People v. Vasquez*, 388 Ill. App. 3d 532 (2009). The court's ruling on a motion to suppress a statement will not be disturbed on appeal unless it is against the manifest weight of the evidence. *People v. Patterson*, 154 Ill. 2d 414 (1992).

Here, the parties agree that defendant was in custody at the time he made the statements. The issue is whether the statements were the product of interrogations that required *Miranda* warnings. We addressed the same issue in *People v. Pierce*, 285 Ill. App. 3d 5 (1996). In that case, defendant was observed coasting down a hill on a motorcycle in Seatonville without headlights. The officer initiated a stop and determined that defendant was intoxicated. He arrested defendant and transported him to the station. While in the squad car, the officer questioned defendant concerning whom the motorcycle belonged to and whether it should be towed. Defendant told the officer that he drove the motorcycle to Seatonville. Defendant filed a motion to suppress the statement, which was granted by the trial court. We affirmed, holding that the officer's questions were reasonably likely to elicit an incriminating response; thus, the officer was required to issue *Miranda* warnings before questioning the defendant. *Pierce*, 285 Ill. App. 3d at 7.

Here, the State argues that the conversation in the car was solely for administrative purposes. However, the questions regarding owner-

ship of the vehicle had been previously answered by the officer's computer check of the vehicle registration number. Officer Lehmann knew who owned the vehicle when he posed the question to defendant. He did not need defendant to provide that information. Indeed, Lehmann testified that he would have listed the owner on the tow report as the person named by the Secretary of State, not defendant. His testimony supports our conclusion that the questions in the squad car were unnecessary and reasonably likely to produce an incriminating response.

The State also claims that any statements made regarding defendant's medication were volunteered and did not result from an interrogation. Lehmann testified that he had a lengthy conversation with defendant during the 20-minute DUI observation period but that he could not recall most of the questions he asked during that conversation. The trial court heard Lehmann's testimony and determined that the conversation was a custodial interrogation that required *Miranda* warnings. We agree with the court's conclusion. It is reasonable to infer that the officer questioned defendant regarding his medical condition. Given defendant's admitted consumption of alcohol, any questions regarding his seizures and ingested medication could have induced defendant to incriminate himself. Under these circumstances, Lehmann was required to advise defendant of his *Miranda* rights before engaging in further discussions.

In *Pierce*, we supported our conclusion that the officer's questions resulted in a *Miranda* interrogation by speculating that the conversation could have produced any number of incriminating responses which could have led to the filing of charges against the defendant. See *Pierce*, 285 Ill. App. 3d at 7. In this case, we need not speculate. Defendant incriminated himself when he responded to Lehmann's conversations in the squad car and at the police station, and his answers resulted in a three-count felony indictment against him. Defendant should have been accorded the *Miranda* warnings prior to both conversations. He was not. Accordingly, the trial court properly suppressed all of his statements.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

McDADE, J., concurs.

JUSTICE SCHMIDT, dissenting:

I believe that *Pierce*, relied upon by the majority, was wrongfully decided. *People v. Pierce*, 285 Ill. App. 3d 5, 673 N.E.2d 750 (1996). As

in *Pierce,* the issue before us is whether, as a matter of law, the officer's questions regarding the ownership of the vehicle constituted an interrogation reasonably likely to elicit incriminating evidence. In this case, the officer's question was made for an administrative purpose and, therefore, was not reasonably likely to evoke the statement made by defendant. See *People v. Abdelmassih,* 217 Ill. App. 3d 544, 577 N.E.2d 861 (1991); *People v. Pierce,* 285 Ill. App. 3d at 7, 673 N.E.2d at 751-52 (Holdridge, J., dissenting).

Defendant's statement regarding the fact that he had given the police a false name was nonresponsive to the question regarding ownership. This was a volunteered admission and, thus, not secured in violation of *Miranda. Rhode Island v. Innis,* 446 U.S. 291, 299, 64 L. Ed. 2d 297, 307, 100 S. Ct. 1682, 1688-89 (1980).

Likewise, defendant's statement regarding his medication, and the fact that he was not supposed to be consuming alcohol, was not secured in violation of *Miranda.* Routine questions posed during booking are exempt from the rigors of *Miranda. People v. Abdelmassih,* 217 Ill. App. 3d at 549, 577 N.E.2d at 864; see also *People v. Fognini,* 47 Ill. 2d 150, 152, 265 N.E.2d 133, 134 (1970). During the standard booking process, defendant volunteered the names of his medication, the reason he was taking them, and the fact that he was not to consume alcohol while on the medication. Although defendant had not been Mirandized at this point, and the officer testified that the information given by defendant was likely to be incriminating, an officer need not interrupt a suspect in the process of making a spontaneous statement in order to warn him of his constitutional right to remain silent. *People v. Baer,* 19 Ill. App. 3d 346, 348, 311 N.E.2d 418, 420 (1974); *In re Orr,* 38 Ill. 2d 417, 423, 231 N.E.2d 424, 427 (1967). *Miranda* requires warnings before police interrogation. Defendant was not interrogated.

For the foregoing reasons, I respectfully dissent.