(No. 41072.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LARRY CROSS, Appellant.

*Opinion filed May 29, 1968.*

86

John Unger, of Danville, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John P. O'Rourke, State's Attorney, of Danville, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

Larry Cross, referred to herein as the defendant, was

tried by jury in the circuit court of Vermilion County and convicted of the crime of burglary for which he was sentenced to the penitentiary for a term of not less than 18 months nor more than 4 years. He has appealed to this court, a constitutional question being presented.

The defendant's constitutional claim is based upon a challenge to the array of petit jurors on the ground that Negroes had been systematically excluded from the jury panel. The challenge was first presented orally by counsel for the defendant who stated that the defendant was a Negro, that there was a large percentage of Negro residents in the county and that there were no Negroes on the jury panel. Counsel stated that he believed that this indicated a systematic disregard of the defendant's rights and that the exclusion was unconstitutional. The prosecutor replied that there had been Negroes on jury panels in previous jury trials in both civil and criminal cases and that the State had no way of knowing in advance whether there would be any Negroes on the panel, and stated that there had been no systematic exclusion. The written motion repeated the allegations made orally and incorporated an affidavit by counsel stating that approximately 10% of the population of the county were of the Negro race and that the clerk of the circuit court had advised counsel that he did not believe there were any Negroes on the present panel.

It is settled that a conviction cannot stand if it is based upon a verdict of a petit jury from which Negroes were excluded by reason of their race. (*Whitus* v. *Georgia,* 385 U.S. 545, 17 L. Ed. 2d 599, 87 S. Ct. 643.) As stated in that case there is no controversy as to the constitutional principle and the question involved is the application of the principle to the facts. The Supreme Court also stated that the burden is on a defendant to prove the existence of purposeful discrimination and that once a *prima facie* case is made out the burden shifts to the prosecution. In the *Whitus* case, as in others where this claim has been advanced (for

example, *Swain* v. *Alabama*, 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824), evidence had been introduced showing the method of jury selection. In *Whitus* it was brought out that the jurors were selected from lists of taxpayers in which the names of Negroes were separated from the names of white taxpayers. There is no evidence in the present case as to the method by which the petit jurors were selected and in our opinion the allegation in the affidavit that there were no Negroes on the panel, and the fact that the population of the county was 10% Negro, was insufficient to make out a *prima facie* case of systematic and deliberate exclusion of Negroes.

We turn now to the other arguments advanced by the defendant. In considering these contentions a brief discussion of the evidence becomes necessary. Police officers testified that in response to a burglar alarm at night they proceeded to the Vermilion Lumber Company where they found a large plate glass window broken. One of the officers heard noises inside the building and saw a man crawling on his hands and knees and when this man got up and started to run the officer fired a shot at him. The officers then entered the building where they found the defendant on the floor, shot in the foot. The officers testified that the defendant did not appear to be intoxicated. The manager of the building was called and when he arrived on the scene he found a brief case in the showroom area. The manager testified that this was his personal brief case which he had left in his office when the lumber company closed at 5 :00 P.M. The defendant testified that he had had a great quantity of intoxicating liquor to drink and that he did not remember entering the lumber company property.

The first of these arguments is that the court erred in admitting the brief case in evidence. Defendant's claim seems to be that the brief case should not have been admitted because it was not the property of the corporate owner of the building but the personal property of the

manager, and also that there was no proof that the defendant was in the exclusive possession of the brief case. In our opinion defendant's contention cannot be upheld. The situation here is similar to that in *People* v. *Davis,* 27 Ill.2d 33, involving the burglary of a golf club. In that case certain golf equipment was found outside the club near the place where the defendant had been seen. We there pointed out that the evidence clearly showed that a burglary had taken place and held that the admission in evidence of the golf equipment was proper, even though the evidence did not establish that the   defendant had actual possession of the equipment. Also opposed to the position of the defendant is *People* v. *Panczko,* 381 Ill. 625, where the defendants were caught in a building and burglary tools, found in the building but not in the possession of the defendants, were admitted. We there pointed out that where there is no evidence connecting the accused with the crime, exhibits found at the scene of the crime were not admissible, but where there is an abundance of closely connected circumstances having a tendency to show possession of a particular exhibit by a defendant, the exhibit is admissible. Here the defendant was apprehended in the building which had been illegally entered and the brief case had been removed from the office. The fact that the brief case was the property of the manager and not the corporation is of no significance for, as pointed out in *People* v. *Johnson,* 20 Ill.2d 336, 338, the defendant "was not concerned with the niceties of legal title". The trial court did not err in admitting the brief case into evidence.

Defendant also claims that the court erred in sustaining objections to certain questions propounded to the defendant. The defendant was asked, "Do you remember crawling around on the floor of the lumber yard?" and, "Do you remember seeing the officer at the window while you were inside the lumber yard building?" and, with reference to his gunshot wound, "Did it cause you considerable pain?"

Defendant contends that testimony concerning his memory and his feelings were proper. Even if evidence on these matters could be considered relevant, we are of the opinion that the trial judge was correct in sustaining objections to the questions since they were clearly leading. In *People* v. *Harris,* 8 Ill.2d 431, we stated that defendant's state of mind was a proper subject of examination but that this did not warrant the use of leading or other improper questions. The questions set forth in the *Harris* opinion were similar to those in the present case in that they indicated the answers desired.

Defendant further contends that the court erred in permitting the prosecution to reopen its case after it had rested. Defendant moved for a directed verdict and pointed out that the State had failed to prove the corporate ownership of the building. The State was permitted to reopen its case to make this proof. It is in the sound discretion of the trial court whether a case may be opened for further evidence and this discretion will not be interfered with except where it is clearly abused. (*People* v. *Franceschini,* 20 Ill.2d 126, 132.) Proof of the corporate ownership was a formal matter and could not have taken the defendant by surprise. We find no prejudicial error in the ruling of the trial court permitting the reopening of the case.

The defendant's next contention may be shortly disposed of. He claims that the trial court erred in denying defendant's motion for directed verdict made at the close of the People's case. This motion was waived when the defendant introduced evidence after the motion had been denied. *People* v. *Washington,* 23 Ill.2d 546.

Defendant's final contention is that the court erred in permitting rebuttal evidence to the effect that the defendant was not intoxicated. The defendant's entire defense was based on testimony purporting to show that he was too intoxicated to form any intent. While it is true that the State introduced some evidence in chief tending to show that the

defendant was not intoxicated, we are of the opinion that there was no prejudicial error in permitting the State to rebut defendant's intoxication evidence.

In the course of this rebuttal evidence an officer was asked if he had smelled defendant's breath. His answer was not responsive to the question and in the answer the officer said that the defendant started to get up off of a cot in the hospital and threatened the officer and told him that the next time he would be armed and would get him a policeman or two. Counsel for the defendant objected and moved for a mistrial. The court overruled the objection. Defendant did not request that the jury be instructed to disregard the testimony of the officer and the court did not so advise the jury. The evidence was improper and without doubt would have been stricken had defendant requested such a ruling. However, the remarks were not deliberately elicited by the prosecutor and the denial of a motion for a mistrial was not error.

After a review of the entire record we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that he received a trial free from prejudicial error. The judgment of the circuit court of Vermilion County is affirmed.

*Judgment affirmed.*