THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK KREIENHEDER, Defendant-Appellant.

Fifth District   No. 78-115

Opinion filed September 19, 1978.

Wayne D. Crawford, P. C., and Larry L. LeFevre, both of Vandalia, for appellant.

William D. Kelly, State's Attorney, of Vandalia (Bruce D. Irish and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Jack Kreienheder, appeals from a judgment of the Circuit Court of Fayette County finding him guilty of possessing a light used to shine on protected game while in the possession of a firearm in violation of section 2.33(i) of the Game Code of 1971 (Ill. Rev. Stat. 1977, ch. 61, par. 2.33(i)). On appeal defendant contends that (1) the court erred in denying his motion for a directed verdict at the close of the State's case; (2) the statute defining the offense is overly broad and vague thereby violating due process; and (3) he was not proved guilty beyond a reasonable doubt of violating the statute.

Section 2.33(i) provides:

> "It is unlawful to take, pursue, harass or disturb in any manner any wild birds or mammals by use or aid of any automobile, vehicle, or conveyance, any type of watercraft, aircraft or any kind of machine propelled by mechanical power, or by the use of lights thereof, or any light used from such vehicle or watercraft or to

have in possession or under control any light used to shine on any species protected by this Act while in the possession of firearms or bow and arrow, except that skunk, opossum, red or grey fox and raccoon may be taken during the open season by use of a small hand operated light by a person not in any vehicle or watercraft propelled by mechanical power." Ill. Rev. Stat. 1977, ch. 61, par. 2.33(i).

The alleged incident underlying the charge occurred on December 8, 1977, near Vandalia, Illinois. Officers Robert Bone and Gene Cearlock of the Illinois Department of Conservation were patrolling the Kaskaskia River bottoms near Vandalia that evening when they noticed a vehicle with a light shining from it. From their vantage point approximately one-half mile away, Bone and Cearlock observed the vehicle for nearly an hour during which time a spotlight periodically shone from the vehicle making a sweep of the area. The vehicle then stopped for approximately 45 minutes after which the officers saw another vehicle approaching the area. Apparently the first vehicle had become stuck in the snow and the second vehicle had been summoned for assistance. Shortly thereafter both vehicles came out of the bottoms whereupon they were stopped by the officers. The defendant and his wife were in the first vehicle while a Mr. Miller of Vandalia was driving the second vehicle.

According to Officer Cearlock, the defendant admitted to the officers that he had a gun in his possession. Cearlock testified that while questioning the defendant he observed a spotlight and a shotgun, in a partially opened case, in the vehicle. Cearlock stated that during the time the defendant's vehicle was being observed no shots were heard by the officers and although no shotgun shells were found in the vehicle, the defendant admitted having some in his possession. Cearlock related that the Kreienheders acknowledged that they had used the spotlight, but that the defendant had explained that he was only showing his wife the scenery.

At the close of the State's case, the defendant made a motion for a directed verdict of acquittal on the grounds that there had been no evidence presented which showed that he had used the spotlight to pursue any animals. The State responded that it only need prove possession or control of a light capable of being shone on an animal coupled with possession of a firearm. The court denied the defendant's motion.

Angela Kreienheder, defendant's wife, testified that on the night in question they were driving their jeep through the river bottoms enroute to a party. She stated that she had shone the spotlight during the trip so as to help the defendant find his way through the blowing snow. She further

testified that she had not shone the spotlight on any animal that evening and that the shotgun was never taken out of the case.

Defendant also denied having the shotgun out of the case, firing any shots or hunting. He explained that the gun case had been partially unzipped because the zipper was stuck. He also stated that he had not shined the spotlight on any animal nor had he seen any animals during the trip. He testified that although he remembered putting the shotgun in his jeep that day, he could not recall why he took it with him to the party inasmuch as he had no intention of hunting that evening.

■■ Defendant's initial contention on appeal may be shortly disposed of. He claims error in the trial court's denial of his motion for a directed verdict made at the close of the State's case. Because the defendant introduced evidence after the motion was denied, it was waived. *People v. Cross*, 40 Ill. 2d 85, 90, 237 N.E.2d 437, 440 (1968), *appeal dismissed*, 393 U.S. 221, 21 L. Ed. 2d 393, 89 S. Ct. 468 (1968); *People v. Husar*, 22 Ill. App. 3d 758, 318 N.E.2d 24 (1st Dist. 1974).

Defendant next contends that if the statute defines a violation as the mere possession of a light and a weapon, then the statute is overbroad and vague. It is the defendant's position that the State must either prove that a defendant actually used the light to shine on an animal or had the intent to so use the light. We disagree.

Violation of section 2.33(i) of the Game Code of 1971 (Ill. Rev. Stat. 1977, ch. 61, par. 2.33(i)) is a petty offense (Ill. Rev. Stat. 1977, ch. 61, par. 3.5), thus it is punishable by a fine not to exceed $500, or the amount specified in the offense, whichever is less. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—9—1(a)(3).) Section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 4—9) provides that a person may be guilty of an offense without having the mental state of intent as to each element thereof if the offense is a misdemeanor which is not punishable by incarceration or a fine exceeding $500, or if the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described.

■■ ■ Although we have not found an Illinois case precisely on point, game laws are generally constructed as imposing liability without fault or absolute liability. (See generally Ill. Ann. Stat., ch. 38, par. 4—9, Committee Comments, at 281 (Smith-Hurd 1972); 22 C.J.S. *Criminal Law* §30 (1961).) In other words, being *malum prohibitum*, no element of *scienter* or intent is involved in the violation of such statutes. (*People v. White Brothers Equipment Co.*, 63 Ill. App. 3d 445, 380 N.E.2d 396 (1978).) This principle is well established and has been applied in numerous Illinois cases. (See, *e.g.*, *People v. Fernow*, 286 Ill. 627, 122 N.E. 155 (1919); *People v. Walker*, 18 Ill. App. 3d 351, 304 N.E.2d 716 (1st Dist.

1974).) Our reading of section 2.33(i) of the Game Code of 1971 (Ill. Rev. Stat. 1977, ch. 61, par. 2.33(i)) and the penalty assessed for its violation leads us to conclude that the legislature intended that no element of *scienter* or intent need be alleged and proved to show a violation of the section. Hence, we find no merit in the defendant's constitutional argument.

■■ ■ Defendant's final contention is that he was not proved guilty beyond a reasonable doubt of the charged offense. The conservation officers testified to the manner in which the spotlight was used and the defendant's simultaneous possession of a shotgun and this testimony is not challenged by the defendant. Therefore, the only question to be resolved is the meaning of the word "used" in section 2.33(i). Does "used" mean that one must actually shine or attempt to shine his light on game protected by the Act or does the term mean "capable of being used"? We believe the latter is the definition which the legislature intended. In view of the language and employment of the term in the first part of the section, construing the word to mean "actually shone" would render it redundant while adding the requirement that the person be in possession of a firearm. Giving proper effect to the entire statute compels the conclusion that the legislature intended to mandate an offense for the simultaneous possession of a firearm and a light capable of being shone regardless of whether the light is actually used to "take, pursue, harass, or disturb" protected game. Therefore, we find that the defendant was proved guilty beyond a reasonable doubt of the offense.

For the foregoing reasons the judgment of the Circuit Court of Fayette County is affirmed.

Affirmed.

G. J. MORAN and KUNCE, JJ., concur.