THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DRESDAN SIDNEY FAULKNER, Defendant-Appellant.

Fourth District   No. 14856

Opinion filed September 29, 1978.

454

Richard J. Wilson and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Robert C. Perry and Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant was found guilty by jury on January 11, 1978, of theft of property in excess of $150, and sentenced to a term of imprisonment of 2 to 6 years. The defendant appeals his conviction on three grounds: (1) The evidence adduced at trial failed to prove the defendant guilty of the

offense with which he was charged; (2) the State failed to prove by competent evidence that the property in question was stolen; and (3) the trial court erred in permitting the State to reopen its case after defendant had moved for a directed verdict.

As to the first issue, the record reveals that an information was filed charging the defendant with theft, in violation of section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)(1)), which provides that a person commits theft when he knowingly:

> "(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and
>> (1) Intends to deprive the owner permanently of the use or benefit of the property."

The information filed against the defendant charged that the defendant:

> "[C]ommitted the offense of theft in that the said defendant knowingly obtained control over certain stolen property * * * having a total value in excess of $150 under such circumstances as would reasonable [sic] induce said defendant to believe the property was stolen and with intent to deprive [the owner] permanently of the use of said property."

At the preliminary hearing, the words "obtained control over" were stricken and the word "had" substituted so that the information read that the "defendant knowingly had certain stolen property." No objection was raised in regard to this change. The State contends that the information, as modified, charged defendant with possession of stolen property by obtaining or exerting unauthorized control over the property. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a).) The defendant asserts that the information clearly charged the defendant with the section 16—1(d) offense of "receiving" stolen property, and as a result thereof that it was incumbent upon the State to show as a material element that the property was "stolen by another." Defendant in this court argues, for the first time, that the evidence at trial failed to establish an essential element of section 16—1(d) (i.e., that defendant received property stolen by another).

Defendant's claim is further buttressed by an instruction which was given to the jury defining the offense of theft for which he was found guilty. This instruction imposed upon the State the duty of proving that "the defendant knowingly obtained or exerted unauthorized control over the property; and * * * That the defendant intended to deprive [the owner of the use of the property]."

■■ Essentially, the defendant argues that there was a fatal variance between the crime charged and the proof offered, and the instructions which were given. The defendant, however, failed to object at trial or to raise the variance as an error in any post-trial motion. Generally, the

failure by the defendant to raise an issue in a motion for a new trial constitutes a waiver of that issue on appeal. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Sparks* (4th Dist. 1975), 26 Ill. App. 3d 278, 325 N.E.2d 49.) However, " '[p]lain errors * * * affecting substantial rights' " may be considered within the discretion of the reviewing court as a means of alleviating the strict application of the waiver rule. *Pickett*, 54 Ill. 2d 280, 282, 296 N.E.2d 856.

■■ The issue, then, is whether there was such a variance between the offense which was supported by the evidence and the crime charged that this court should exercise its discretion to prevent a substantial deprivation of the defendant's rights. We conclude that the variance here does not constitute "plain error" worthy of our consideration on appeal. We find support in *People v. Hadley* (4th Dist. 1974), 20 Ill. App. 3d 1072, 314 N.E.2d 3, where this court held that there was no fatal variance where an indictment charged the defendant with aggravated battery on the basis of his alleged *use of a deadly weapon* (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(1)), while the jury instructions, tendered without objection, defined aggravated battery using the language of section 12—4(a), *i.e.*, *"knowingly causes great bodily harm."* (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a).) See also *People v. Foster* (4th Dist. 1975), 32 Ill. App. 3d 1009, 337 N.E.2d 90.

To the same effect is *People v. Rosochacki* (1969), 41 Ill. 2d 483, 492, 244 N.E.2d 136, wherein, in a factually similar case, it was held that even if there was a variance between the crime charged and the crime for which the defendant was convicted, "it would not vitiate the conviction unless it was of such a character as to mislead the defendant in his defense or expose him to double jeopardy." In light of the holding in *People v. Marino* (1970), 44 Ill. 2d 562, 576, 256 N.E.2d 770, that the conduct described in section 16—1(d) is not a separate offense from section 16—1(a), the defendant cannot claim that he was misled in his defense or that it was impossible for him to prepare a defense to the proof offered against him. See also *People v. Johnson* (1976), 65 Ill. 2d 332, 357 N.E.2d 1166; but see *People v. Horton* (1st Dist. 1970), 126 Ill. App. 2d 401, 261 N.E.2d 693.

● 3 Defendant next contends that the State failed to present competent evidence to establish that the vehicle in question was stolen property. Specifically, the defendant contends that the testimony of police officer James Watts, as to both oral and written reports received by him from various law enforcement agencies confirming that the vehicle was stolen, was hearsay. Again, the merits of this contention need not be considered because it has been similarly waived. (*People v. King* (4th Dist. 1978), 58 Ill. App. 3d 199, 373 N.E.2d 1045.) The jury, therefore, could properly consider and conclude that the probative value of the reports received by Officer Watts from the National Crime Information Center and the

Denver, Colorado, police department were sufficient to establish that the vehicle was stolen.

Finally, defendant asserts as error that the trial court abused its discretion in reserving a ruling on his motion for a directed verdict and permitting the State to reopen its case. Permitting the State to reopen its case to present additional proof rests in the sound discretion of the trial court and will not be interfered with on review except in cases of clear abuse of discretion. *People v. Cross* (1968), 40 Ill. 2d 85, 237 N.E.2d 437; *People v. Baer* (4th Dist. 1974), 19 Ill. App. 3d 346, 349, 311 N.E.2d 418.

Here, after the State had rested its case, the defendant moved for a directed verdict on the ground that the State had failed to prove an element of the crime in that it had only offered incompetent hearsay evidence regarding the value of the stolen vehicle. The court, after hearing arguments, reversed its earlier ruling as to the competency of the State's evidence of the vehicle's value and sustained the defendant's objection. The court then reserved ruling on the defendant's motion for a directed verdict and granted the State's motion to reopen its case.

■ It has been held that it is not an abuse of discretion to allow the reopening of the State's case even where the introduction of additional evidence establishes not merely formalities, but rather the facts essential to prove an element of the crime. (*People v. Price* (2d Dist. 1972), 8 Ill. App. 3d 158, 160, 289 N.E.2d 280; *People v. Parker* (1st Dist. 1968), 98 Ill. App. 2d 146, 150-51, 240 N.E.2d 475.) In *Parker*, as in the instant case, the State was permitted to reopen to prove the value of a stolen automobile.

■ Finally, it was likewise not an abuse of discretion for the court to grant the State's motion to reopen while reserving ruling on the defendant's motion for a directed verdict (*Price*, 8 Ill. App. 3d 158, 160, 289 N.E.2d 280). In *Price*, after the State had rested, the defendant moved for a directed verdict, claiming that the State had failed to establish a *prima facie* case. It was held that there was no error in the granting of the State's motion for leave to reopen. Our conclusion here, that the court did not err, is further supported by the fact that the State's motion to reopen was necessitated by the trial court's reversal of its prior admission of the State's evidence. In view of these facts, this court rejects the defendant's contention that there is a *per se* rule prohibiting a court from reserving ruling or permitting the State to reopen its case once the defendant has moved for a directed verdict. The defendant has not otherwise alleged or shown any unfairness or surprise occasioned by the admission of the additional proof. We, therefore, conclude that the court's ruling was not an abuse of discretion.

Judgment affirmed.

MILLS and CRAVEN, JJ., concur.