Rule 23 Order filed
 NO. 5-00-0822

May 20, 2002;

Motion to publish granted
 IN THE

June 6, 2002

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Williamson County.  

)

v. ) No.99-CF-413

)

MICHAEL D. BENNETT, ) Honorable

) Brocton Lockwood,

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

On December 10, 1999, a motor vehicle accident occurred at the intersection of Route 13 and Route 166 in Williamson County.  Eyewitnesses to the accident testified that just before 6 p.m. on that evening a white pickup truck traveling eastbound on Route 13 proceeded to make a left turn (north onto Route 166) in front of a black pickup truck that was traveling westbound on Route 13.  The two vehicles collided.  The driver of the black pickup truck, Jeremy Hughes, was killed.  His wife, Brandy Hughes, a passenger in the vehicle, was seriously injured.  The driver of the white pickup truck was also seriously injured.  The three eyewitnesses to the accident all testified that immediately after the collision they ran to the white pickup truck and observed a man hanging out of the passenger-side window.  They did not get a good look at his face and were unable to identify him.  They did not observe any other individual in, or exit, the white pickup truck after the accident.    

As a result of this accident, Michael D. Bennett (defendant) was charged by information, filed in the circuit court of Williamson County, with (1) reckless homicide in that while under the influence of alcohol and while acting in a reckless manner, he operated a motor vehicle in such a manner as to cause death or great bodily harm to an individual by turning left in front of, and colliding with, a vehicle driven by Jeremy Hughes, thereby causing the death of Jeremy Hughes, and (2) aggravated driving under the influence of alcohol in that he knowingly drove a motor vehicle under the influence of alcohol and was involved in a motor vehicle accident that proximately resulted in great bodily harm to Brandy Hughes, the wife of the decedent, Jeremy Hughes.  Following a jury trial, defendant was convicted of both counts.  He was sentenced to 12 years in the Department of Corrections on the reckless homicide conviction.  No sentence was imposed on the conviction for aggravated driving under the influence of alcohol.  Defendant appeals.

Defendant raises three issues on appeal:  (1) whether the trial court abused its discretion in granting the State's motion to reopen its case to present additional evidence after defendant had moved for a directed verdict at the close of the State's case, (2) whether the State failed to prove beyond a reasonable doubt that defendant was the driver of the white pickup truck involved in the motor vehicle accident out of which these charges arose, and (3) whether his conviction for aggravated driving under the influence of alcohol must be vacated because it was based on the same physical act as his conviction for reckless homicide.  For the reasons that follow, we affirm defendant's conviction and sentence for reckless homicide and vacate his conviction for aggravated driving under the influence of alcohol.

At the close of the State's case, defendant moved for a directed verdict based on the fact that the State had failed to prove that defendant had been the driver of the white pickup truck which collided with the vehicle driven by Jeremy Hughes.  The State responded that it had presented sufficient circumstantial evidence that defendant had been the driver of the truck; nevertheless, the State sought leave to reopen its case to present additional evidence on this point.  The State was not clear on exactly what evidence it might present but indicated that it knew of the owner of the pickup truck, who could testify that he had loaned the truck to defendant, and of ambulance personnel who had removed defendant from the vehicle and had taken him to the hospital.  The ambulance personnel had not been disclosed in discovery.  Over defendant's objection, the trial court granted the State leave to reopen its case to present the testimony of Tad Thompson, an ambulance attendant who had responded to the scene of the accident.  Defendant was given the opportunity to interview Thompson prior to his testimony.

At the trial, Thompson testified that he had responded to the accident scene with the ambulance.  He proceeded to the white pickup truck and observed a man hanging out of the passenger-side window.  This man was removed from the truck and transported to the hospital.  There was no other individual in the truck when Thompson arrived.  Thompson identified defendant as the man he had removed from the pickup truck and transported to the hospital.  Thompson has a clear memory of this accident and defendant's identity because of the severity of the accident.

As defendant correctly points out, it is within the sound discretion of the trial court whether a case may be reopened for further evidence, and this discretion will not be interfered with except where it is clearly abused.  
People v. Cross
, 40 Ill. 2d 85, 90 (1968).  In 
Cross
, the defendant, charged with burglary, moved for a directed verdict at the close of the State's case on the ground that the State had failed to prove the corporate ownership of the building.  The trial court allowed the State to reopen its case to make this proof, and the supreme court found no abuse of discretion by the trial court.  Defendant could not have been surprised by the additional proof and was not prejudiced by the trial court's ruling permitting the reopening of the case.  

Although, in 
Cross
, proof of the corporate ownership was merely a formal matter, the State has been allowed to reopen its case not only for the purpose of proving formalities but also to establish the very facts essential for a conviction.  See 
People v. Price
, 8 Ill. App. 3d 158, 160 (1972).  Thus, in 
People v. Henderson
, 223 Ill. App. 3d 131, 134 (1991), the defendant, charged with criminal damage to state-supported property, moved for a directed verdict at the close of the State's case on the ground that the State had failed to prove that the damaged property was supported by state funds.  The trial judge agreed that the State had failed to establish this essential element of the offense, but the judge allowed the State to reopen its case to make the requisite proof.  On review, this court found no abuse of discretion in the trial court's ruling allowing the State to reopen its case.    

Contrary to defendant's assertion, there is no 
per se
 rule prohibiting a trial court from permitting the State to reopen its case once the defendant has moved for a directed verdict.  See 
People v. Faulkner
, 64 Ill. App. 3d 453, 457 (1978).  We do not read section 115-4(k) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-4(k) (West 2000)) as establishing such a rule.  While that section provides that when, at the close of the State's evidence, the evidence is insufficient to support a finding of guilty, the court shall, on the motion of the defendant, enter a directed verdict in favor of the defendant, we do not believe that this section precludes the trial court from granting the State's motion to reopen its case after a motion for directed verdict has been made.  The holdings of the cases cited herein lend support.  The trial court retains discretion to grant a motion to reopen the evidence even after a motion for directed verdict, and absent an abuse of that discretion, its decision will not be overturned on appeal.          

We understand defendant's assertion that no competent defense attorney would ever move for a directed verdict if he knew that the State would then be allowed to reopen its case to present further evidence to cure the precise deficiency pointed out in the motion for directed verdict.  Nevertheless, a criminal trial is not a game to win or lose, but a search for truth and justice.  See 
People v. Lamb
, 21 Ill. App. 3d 827, 837 (1974), 
aff'd
, 61 Ill. 2d 383 (1975).  Every effort should be made to achieve justice, whether that results in the conviction or the acquittal of the defendant.  The State's motion to reopen its case to present the testimony of Thompson as to the identity of the individual removed from the white pickup truck and the trial court's grant of that motion were good-faith efforts to achieve justice in this case.  Defendant has not claimed that he was surprised by the evidence admitted upon the reopening of the State's case, nor has he claimed any prejudice as a result of the trial court's ruling.  We find no abuse of discretion in the trial court's ruling.

Defendant next argues that the State failed to prove beyond a reasonable doubt that defendant was the driver of the white pickup truck.  In considering a defendant's challenge to the sufficiency of the evidence, the relevant question is whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Oaks
, 169 Ill. 2d 409, 457-58 (1996).  Defendant argues on appeal that there is no direct evidence that he was the driver of the truck.  None of the occurrence witnesses could testify that they saw defendant driving the truck.  Even the ambulance attendant, Thompson, could not testify that defendant was the driver of the truck.  Thompson could only testify that defendant was the man he found hanging out of the passenger-side window of the truck, whom he removed from the truck and transported to the hospital.  Accordingly, defendant argues, "It is therefore possible that someone else drove the truck, and that person left the scene of the accident."

A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt.  
People v. Collins
, 106 Ill. 2d 237, 261 (1985).  Proof that the defendant was the driver of the vehicle can be established by circumstantial evidence alone.  See 
People v. Gutierrez
, 105 Ill. App. 3d 1059, 1063 (1982).  The State has met its burden in this case.  Viewing the evidence in the light most favorable to the State, a rational jury could have found beyond a reasonable doubt that defendant was the driver of the white pickup truck.  Defendant was the only person seen in the vehicle immediately after the accident.  No one was observed exiting the vehicle and leaving the scene after the accident.  We cannot conclude that the circumstantial evidence that defendant was the driver of the white pickup truck is so improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt.  

Finally, relying on 
People v. King
, 66 Ill. 2d 551, 566 (1977), defendant argues that his conviction for aggravated driving under the influence of alcohol must be vacated because it is based on the same physical act as his conviction for reckless homicide, that is, driving under the influence of alcohol.  The State concedes that the conviction for aggravated driving under the influence of alcohol must be vacated, but on the ground that it is a lesser-included offense of reckless homicide.

The one-act/one-crime rule announced in 
King
, 66 Ill. 2d at 566, held that multiple convictions are improper if based upon precisely the same physical act.  The two offenses in the case at bar are based on a single physical act of driving a motor vehicle while under the influence of alcohol and causing a motor vehicle accident.  Defendant drove drunk only once and had a single accident.  Accordingly, the lesser offense of aggravated driving under the influence of alcohol must be vacated. 

We note that no sentence was imposed on the conviction for aggravated driving under the influence.  Nevertheless, the jury's verdict of guilt on that charge was accepted by the trial court, and a judgment of guilty was entered thereon.  Accordingly, we vacate this judgment of guilty on the charge of aggravated driving under the influence of alcohol.

For the foregoing reasons, we affirm the conviction and sentence of defendant on the charge of reckless homicide, and we vacate his conviction for aggravated driving under the influence of alcohol.

Affirmed in part and vacated in part.  

GOLDENHERSH, J., concurs.

JUSTICE KUEHN, specially concurring:

I concur in all aspects of the majority opinion.  I write to elaborate on the following comment about the competency of those attorneys who move for a directed verdict that results in the cure of an otherwise fatally flawed prosecution: 

"We understand defendant's assertion that no competent defense attorney would ever move for a directed verdict if he knew that the State would then be allowed to reopen its case to present further evidence to cure the precise deficiency pointed out in the motion for directed verdict.  Nevertheless, a criminal trial is not a game to win or lose, but a search for truth and justice.  [Citation.]  Every effort should be made to achieve justice, whether that results in the conviction or the acquittal of the defendant."  Order at 4-5.  

While I can readily agree with the noble pursuit of truth and justice, this passage seems to imply that an ill-timed challenge to a fatally flawed case, which results in repair after the defect is exposed, might not constitute the ineffective assistance of counsel because it serves an overriding effort to achieve justice.  I trust that this implication is not intended.     While a criminal trial is hardly a mere game, it proceeds under certain rules to an ultimate outcome that may belie truth and mock justice.  Trials are all about winning and losing, and a criminal defense lawyer who blows the opportunity to obtain an undeserved victory for his client, even if the blunder serves a greater good by producing a deserved conviction, has provided constitutionally deficient representation.      

The defendant does not raise an ineffective-assistance-of-counsel claim in this case.  However, what happened here raises an interesting question.  Is it tactically sound to voice a request for a directed verdict at the close of the State's case when the trial judge possesses the ability to permit additional evidence to cure the defect upon which the directed verdict motion is made?  
Reasonably effective criminal defense lawyers should know that trial judges are guided by the platitudes set forth by my colleagues–that "a criminal trial is not a game to win or lose, but a search for the truth" in which "[e]very effort should be made to achieve justice, whether that results in the conviction or the acquittal of the defendant."  Order at 4-5.  They should know that most judges will prefer truth and justice to prevail over a technical omission in proof on the State's part.  Ergo, sound legal strategy would seem to commend restraint in raising any challenge over a failure to identify the defendant, until after the jury is discharged and the trial judge no longer possesses the power to assist the prosecution in mending the error of its ways.  While some might call such a tactic gamesmanship, timing the revelation of a deficiency in the State's proofs so that it cannot be corrected would be decidedly reasonable strategy.  After all, it wins the case.     

But for defense counsel's motion, which brought to light the failure to prove identity, identity would never have been proven.  A reasonable probability exists that the outcome of this appeal would be different.  The defendant would have to prevail on his challenge to the legal sufficiency of the evidence because Thompson, the witness called after the State was permitted to reopen its case, was the only witness to place the defendant at the scene of the accident.  Until the State called him, it had not established that this defendant was anywhere near the scene of the crime.       

Where the State has failed to present evidence to establish a necessary element of its case, like having the defendant identified, defense counsel possesses the absolute ability to champion his client's acquittal.  What professional blunder could be worse than a directed verdict motion that telegraphs the proof's deficiency and results in a trial judge's grant of the right to present additional evidence to cure it?  It seems to me that this defendant suffers a conviction that the evidence would not have supported absent the enlightenment provided by the defendant's attorney.  Nonetheless, I concur in the majority opinion.

                                      NO. 5-00-0822

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Williamson County.  

)

v. ) No.99-CF-413

)

MICHAEL D. BENNETT, ) Honorable

) Brocton Lockwood,

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________________

Rule 23 Order Filed:
 May 20, 2002

Motion to Publish Granted:
 June 6, 2002

Opinion Filed
: June 6, 2002

___________________________________________________________________________________

Justices
: Honorable Thomas M. Welch, J.

Honorable Richard P. Goldenhersh, J., 

Concurs

Honorable Clyde L. Kuehn, J.,

Specially Concurring

___________________________________________________________________________________

Attorneys
 Daniel M. Kirwan, Deputy Defender, Rita K. Peterson, Assistant Defender, Office

for
 of the State Appellate Defender, Fifth Judicial District, Route 15 East, P.O. Box

Appellant
 2430, Mt. Vernon, IL 62864-0047

___________________________________________________________________________________

Attorneys
 Hon. Charles Garnati, State's Attorney, Williamson County Courthouse, Marion, IL

for
 62959; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Patrick D.

Appellee
 Daly, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Route 15

East, P.O. Box 2249, Mt. Vernon, IL 62864

___________________________________________________________________________________