THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERNON JOY, Defendant-Appellant.

Second District (2nd Division)    No. 75-507

Opinion filed December 6, 1976.

350

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Defendant was indicted for burglary and theft of property of a value in excess of $150. He waived trial by jury and was found guilty by the court of the lesser includable offense of theft of property of a value of less than $150. His motion for a new trial was denied and he was sentenced to probation for a term of 24 months with the first 90 days of said term to be spent in the Kane County Jail. At defendant's request the State Appellate Defender's office was appointed to represent him on appeal.

Defendant contends that the State failed to prove beyond a reasonable doubt that he knowingly obtained or exerted unauthorized control over a diamond ring with the intent to permanently deprive the owner of its use and benefit. In raising this assertion defendant argues, first, that the State failed to prove beyond a reasonable doubt that the ring introduced at trial was in fact a ring stolen from its owner and, second, that a ring in defendant's possession was the same ring introduced into evidence at trial. Deeming the first aspect of defendant's argument determinative we do not reach the second aspect argued.

At trial Louise Jones testified that defendant attempted to sell her a diamond ring in early October, 1974. Alluding to an investigation of the "Hattie Hoffman burglary," Detective Wayne Henke of the Elgin Police Department testified that he noted a diamond ring on pawn lists which were routinely scrutinized by the Department. Henke located the ring at Bob's Trading Post. The owner of the trading post testified that the ring had been pawned for $20 by one Rosella Robinson. Jeweler John Rauschert and Raymond Hoffman identified the diamond ring at trial as one that had been purchased by Raymond's brother, and given to their mother, Hattie Hoffman, in 1961. Raymond Hoffman indicated that the ring was worn on occasions over the years by his mother. He last saw the

ring on his mother's hand in July, 1974. Louise Jones stated that at the time defendant attempted to sell her a diamond ring in early October, 1974, defendant indicated that he obtained the diamond ring which he sought to sell her from "Ann Street." Raymond Hoffman testified that Hattie Hoffman lived at 550 Ann Street in Elgin. Hattie Hoffman did not testify at trial.

■■ The statute under which defendant was charged and convicted (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)) provides:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner;

❋ ❋ ❋

and

(1) Intends to deprive the owner permanently of the use or benefit of the property ❋ ❋ ❋."

It was incumbent upon the People to establish both that defendant exerted "unauthorized" control over the property and that defendant had the requisite felonious intent in depriving Hattie Hoffman of the use and benefit of the diamond ring. (*People v. Shoemaker* (1975), 31 Ill. App. 3d 724.) Defendant contends that the State failed to prove beyond a reasonable doubt that the ring introduced at trial was in fact stolen by defendant from Hattie Hoffman. The only testimony tending to establish the fact of a burglary at Hattie Hoffman's premises on Ann Street is the allusion of Detective Wayne Henke to the burglary investigation. No testimony in the record indicates that a diamond ring was taken from Hattie Hoffman's premises. It is apparent, therefore, that no testimony directly establishes that "unauthorized" control over the ring was exercised by defendant or that defendant had the requisite felonious intent in depriving Hattie Hoffman of the use of the property.

■■ It has been stated that:

" ❋ ❋ ❋ [A] conviction may be sustained upon circumstantial evidence as well as direct evidence, (*People v. Russell*, 17 Ill. 2d 328,) it being necessary only that the proof of circumstances must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime. (*People v. Magnafichi*, 9 Ill. 2d 169; *People v. Grizzel*, 382 Ill. 11.)" (*People v. Bernette* (1964), 30 Ill. 2d 359, 367.)

We do not dispute the people's assertion that circumstantial evidence may justify a conviction. In this case, however, to sustain conviction it is necessary to pile inference upon inference. First, it must be inferred that a theft occurred at Hattie Hoffman's premises on Ann Street. Then, inferences must be drawn to permit conclusion that a diamond ring was

stolen from the Hoffman premises and that the diamond ring was owned by Hattie Hoffman at the time of the stealing. From the fact of defendant's possession of a ring similar in appearance to that owned at one time by Hattie Hoffman, and from his statement that he obtained the ring from Ann Street, it must then be inferred that defendant was the thief who took the property from the Hoffman residence on Ann Street. It must also be inferred that the party who pawned the ring, Rosella Robinson, obtained the ring from the defendant and there is nothing in the record to support this inference.

The case at hand is similar to *People v. Betts* (1937), 367 Ill. 499. There defendant was charged with the theft of heifers from a neighbor's pasture. The court concluded that the fact that the heifers were in defendant's pasture soon after they disappeared was not in and of itself enough to prove that there had been a theft or that defendant had any connection with it. While noting that unexplained possession of recently stolen property may raise an inference of guilt, the court refused to sustain defendant's conviction on that basis, finding the rule inapplicable. In reaching this conclusion the court noted that the record simply indicated too many hypotheses consistent with innocence. There was no testimony indicating that the heifers could not have reasonably escaped from defendant's fencing enclosure and there was record evidence that cattle frequently strayed in the vicinity where the alleged theft occurred. Moreover, there was no evidence as to how the heifers got out of the enclosure—therefore no evidence of a theft. As did the *Betts* court, we conclude that the evidence is insufficient to sustain defendant's conviction of theft.

The judgment of the circuit court of Kane Count is reversed.

Judgment reversed.

SEIDENFELD and GUILD, JJ., concur.