THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VERSA PARKER *et al.*, Defendants-Appellants.

Second District   Nos. 79-156, 79-280 cons.

Opinion filed October 19, 1979.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellants.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, and Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendants were convicted after a jury trial of theft of property exceeding $150 in value. (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1).) Defendant Parker was sentenced to 18-54 months imprisonment; defendant Koleman was sentenced to 1 to 3 years imprisonment. They jointly appeal, contending that they were not proved guilty beyond a reasonable doubt, and, alternatively, that alleged trial errors denied them a fair trial. We do not agree and therefore affirm.

Defendants were charged by information with theft by knowingly exerting unauthorized control over property of Lord & Taylor consisting of described clothing allegedly committed on October 30, 1977, within Du Page County. Sergeant Louis Hayes testified that while on patrol in the area of the Lord & Taylor store in Oakbrook he observed defendants place two orange bags in the trunk of a car. On closer inspection he observed a two-part sales tag on the garment in one of the bags and arrested defendants.

Karen Tamkin, a Lord & Taylor retail detective, testified that she identified three of the items in the bags brought in by Sergeant Hayes which had Lord & Taylor tickets, one with a two-part form and two with four-part tickets. She described the tagging system in which after items are sold the two-part tickets have only one remaining part and the four-part tickets have three remaining parts. She said that when she viewed the tags she was able to determine which department in Lord & Taylor the items came from and concluded that it was the Young New Yorker department. She related that the tag that would be taken off by the sales clerk would be placed in a box which at the end of the day was tallied for inventory control; that she determined that there were no stubs for the items which were taken. On cross-examination she was asked whether or not the garments could be from another Lord & Taylor store and answered that they could have been except that she had "checked an inventory sheet." On redirect examination, she testified that she was able to determine that the items were the property of the Oakbrook store because an inventory sheet in that department showed that there were three items missing on that particular day. The witness also testified to the value of the items as being in excess of $150.

Soon after it retired the jury sent the following question to the judge:

"If two or more people are accused of committing a theft of more than $150.00 is each equally culpable for the total amount?"

Over defendants' objection, the judge sent the following response:

> "If two or more defendants knowingly obtain or exert unauthorized control over the property of another intending to deprive said other permanently of the use or the benefit of the said property each would be equally culpable for the total amount."

Defendants first contend that the court erred in admitting the hearsay testimony of Karen Tamkin, the store detective, to the effect that the items were missing from the inventory sheet. The testimony was not objected to at trial, however, and the claim of error is waived. Hearsay evidence admitted without objection may be given its natural probative effect. See, *e.g., People v. Akis* (1976), 63 Ill. 2d 296, 299.

■■ The testimony as to the inventory control was elicited by defense counsel on cross-examination in an attempt to test the witness' basis for believing the merchandise came from the Oakbrook store; and the State's inquiry on redirect was for the purpose of rebutting defendants' attempted inference that the merchandise might have come from a different store. Under these circumstances we see no reason to excuse the waiver under any claim of plain error. The defect, if any, could obviously have been cured if the testimony had been objected to at trial, since the State could have laid the proper foundation to bring the testimony within the business records exception to the hearsay rule. (Ill. Rev. Stat. 1977, ch. 110A, par. 236.) It is no answer to claim, as defendants do, that the failure to object was excused because the State failed to produce the inventory sheet in response to a subpoena. " 'A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial.' " *People v. Thompson* (1971), 48 Ill. 2d 41, 46.

■■■ The defendants' contention that they were not proved guilty beyond a reasonable doubt is also based on the erroneous assumption that the State must prove the origin of stolen merchandise as well as the ownership, to prove the particular place where stolen merchandise has been taken as well as proving who owned it. The State was only required to prove that the defendants exerted unauthorized control over property of Lord & Taylor, which it did. "The primary purposes of the requirement that ownership be alleged are to enable the accused to prepare for trial and to plead an acquittal or conviction in bar of a subsequent prosecution for the same offense." (*People v. Harden* (1969), 42 Ill. 2d 301, 305.) When the purpose of the allegation and proof of ownership have been realized a conviction will not be defeated even by a variance between the charge and the proof which does not prejudice an accused. *People v. Baer* (1974), 19 Ill. App. 3d 346, 349; *Harden,* at 305.

Nor do the cases cited by the defendants support their position. In *People v. Wallace* (1922), 303 Ill. 504, no evidence was produced showing

ownership of hogs allegedly taken, nor was there proof of a felonious taking beyond a reasonable doubt. In *People v. Joy* (1976), 44 Ill. App. 3d 349, there was also no proof that the ring in defendant's possession was owned by the person named and there were other failures in proof. Neither case stands for the proposition that the origin of stolen merchandise need be proven. Here, in fact, we find no variance since the defendants were charged with unauthorized control of the property owned by Lord & Taylor in Du Page County and the evidence adequately proved that the items were taken from the Oakbrook store outside of which the defendants were apprehended.

■ In the same vein, defendants have argued that the proof that the items were taken from the particular Oakbrook store owned by Lord & Taylor was necessary to establish venue in Du Page County. The proof that defendants exerted control over the property in Du Page County was sufficient to establish venue there. Ill. Rev. Stat. 1977, ch. 38, par. 16—1.

■ Defendants next urge that a photograph taken of the merchandise at the scene and admitted into evidence depicted an article of clothing along with the three allegedly stolen items which Karen Tamkin was unable to identify as having been taken from the store and thereby injected prejudical evidence of another crime. Again, the objection has been waived since the defendants at no time objected, requested deletion of the fourth article, asked for a cautionary instruction, or raised the issue in their post-trial motion. Under these circumstances the error, if any, should be deemed waived. (*People v. Pickett* (1973), 54 Ill. 2d 280, 282.) Nor do the circumstances call for an excuse of the waiver. It clearly appears from the record that the strategy of the defense counsel was to exploit the presence of the fourth item in order to cast doubt upon the accuracy of one prosecution witness' testimony that the items were recovered in one bag, suggesting that the items would not fit into one bag. The inference that the fourth item was stolen from another store does not appear to have substantially prejudiced the defendants, but in any event the defendants shared responsibility for emphasizing the inference, and may not now successfully claim prejudice.

■ Defendants also claim that the supplemental jury instruction was improperly given without also instructing the jury on the issue of accountability. However, the record shows that the court offered to give an accountability instruction to which defendants' counsel objected. In addition, the State clearly was proceeding against both defendants as principals as the arresting officer testified both were seen carrying orange bags containing the garments. "When a jury raises an explicit question on a point of law arising from the facts over which there is doubt, the trial court should attempt to clarify the question in the jury's mind." (*People v. Parker* (1976), 40 Ill. App. 3d 597, 606.) It would not be unreasonable for a

lay person to deduce that if two people together steal $170 they are each guilty of theft of $85. The jury may have thought that such was the law, but attempted to clarify the issue. This would seem to be the most natural reading of their question. Thus, it would be proper to instruct them accurately that the law is otherwise; that if two people steal $170 they are both guilty of theft in that amount. Under the circumstances the jury could not have reasonably found each defendant individually responsible for some but not all of the stolen items, and the defendants were not prejudiced by the court's supplemental instruction.

The judgment against each defendant is therefore affirmed.

Affirmed.

GUILD, P. J., and LINDBERG, J., concur.